In the Matter of LAURA KANE, Appellant, v. AUGUST NECCI, Respondent.

14

(Argued October 10, 1935; decided November 19, 1935.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Arthur B. Hoff, Jr.*, of counsel), for appellant. The Court of Appeals has jurisdiction of the appeal. (Code Crim. Proc. § 519, subd. 1, § 520; Laws of 1933, ch. 482, § 102.)

*Michael J. D'Ambrosio* for respondent.

CRANE, Ch. J. This proceeding has arisen in the Domestic Relations Court, and this opinion deals with the jurisdiction of this court to hear the appeal.

Part VI of the Code of Criminal Procedure pertains to " Special Proceedings of a Criminal Nature," which includes titles dealing with vagrants, disorderly persons, wayward minors and poor persons, and others of like nature.

Title VIII, " Proceedings Respecting the Support of Poor Persons," section 914, provides that " the husband, wife, father, mother, grandparent, child or grandchild of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor step-children."

By section 915 the Commissioners of Public Charities may apply to the Court of General Sessions, or to the Supreme Court of the State of New York in the city of New York, for an order to compel such relief, and the court or judge may dispose of the matter summarily, after notice of hearing.

By the Inferior Criminal Courts Act (Laws of 1910, ch. 659) the Magistrate's Court would probably deal with such proceedings. This Inferior Criminal Courts Act refers to the Courts of Special Sessions and to the City Magistrates' Courts. By section 40 the Court of Special Sessions shall have exclusive power to hear and determine appeals from a judgment, order or other determination of a city magistrate; and by section 56 of the act, the judgment of the Court of Special Sessions upon an appeal is final except that a further right of appeal to the Court of Appeals shall lie as provided in subdivision 3 of section 520 of the Code of Criminal Procedure.

This in brief is the procedure in the Inferior Criminal Courts of the city of New York in special proceedings of a criminal nature. In any such proceeding a further appeal may be taken to the Court of Appeals from the Special Sessions on the allowance of the appeal by a judge of the Court of Appeals or a justice of the Appellate Division (Code Crim. Proc. § 520).

If this were all we had to consider it would be necessary for the Commissioner of Public Charities or Welfare to proceed to enforce a liability to support poor relatives by proceedings in the Inferior Criminal Courts of the city of New York. These would be proceedings of a criminal nature.

Another law, however, has been passed by the Legislature, chapter 482 of the Laws of 1933, creating in the city of New York the Court of Domestic Relations, proceedings in which are treated as of a civil rather than of a criminal nature. It is comprised of two divisions, to be known as the " Children's Court " and the " Family Court," respectively.

As applicable to children, section 84 says that the determination of such a court shall not be denominated a conviction, and no child shall be considered a criminal by reason of any of its decisions.

Article 2 of title III specifies those who are liable for the support of poor relations, and is similar to section 914 of the Code of Criminal Procedure. The father, the mother, the grandparents and the stepparent of a child are declared legally chargeable with its support if likely to become a public charge (§ 101).

The procedure in the Family Court is outlined in articles 3 and 4 of title III. Although by section 132 the respondent, if he refuses to obey the order for support, may be committed to jail not to exceed twelve months, this does not make the proceeding one of a criminal nature; and in this view we are supported by the statement in section 162 which says: " The action brought by said commissioner of public welfare to compel such support and the proceedings relative thereto shall, however, be brought in the family court of the borough in which the respondent lives, instead of before a magistrate as provided in said sections of the charter and code of criminal procedure."

Appeals from the orders of this Court of Domestic Relations are allowed by section 58 in these words: "An appeal may be taken to the appellate division of the supreme court of the appropriate judicial department by any party to the proceeding from any final order or judgment of the court, within thirty days after the entry of said order or judgment, and the provisions of article thirty-seven and article thirty-nine of the *civil* practice act shall relate to appeals hereunder in so far as such provisions may be practically applied thereto." Article 37 (Civ. Prac. Act) applies to appeals generally, and article 39 to appeals to the Appellate Division of the Supreme Court. Article 38 (Civ. Prac. Act), which applies to appeals to the Court of Appeals, is left out.

This proceeding was commenced in the Domestic Relations Court of the city of New York (Family Court) upon the petition of Laura Kane, representing the Department of Public Welfare, to compel August Necci to support two of his stepchildren, Elvira Necci, aged thirteen, and Amelia Necci, aged eleven, duly committed on the 4th day of October, 1928, by the Department of Public Welfare, to St. Michael's Home, Green Ridge, Staten Island. An order made on the 16th day of August, 1934, requiring the defendant to pay eight dollars a week, was reversed by the Appellate Division on the ground that the defendant was married to the mother of the children prior to the amendment by the Laws of 1933, chapter 482, requiring the stepfather to support his stepchildren in case of need. The court thought that the act establishing liability was unconstitutional if it related back to prior marriages, as a stepfather was under no moral duty to support his stepchildren.

From this order of the Appellate Division an appeal was allowed by the Chief Judge in order that we might determine our jurisdiction in these cases as there seemed to be some confusion on the point. We now say that these proceedings are no longer of a criminal nature as they have shifted to the civil side of the courts by the provisions of chapter 482 of the Laws of 1933 creating the Domestic Relations Court of the city of New York. If an appeal is to come here in such matters it must be by permission of the Appellate Division in accordance with subdivision 1 of section 589 of the Civil Practice Act, and article VI, section 7, subdivision 5 of the Constitution of the State of New York. We do not think that the Legislature in enacting section 58 of the Domestic Relations Court Act intended to restrict the right of the Appellate Division to certify questions to this court in accordance with the usual practice of appeals from courts not of record. ■

In dismissing this appeal we do not pass upon the merits of the action or intimate that we agree with the Appellate Division in its opinion, that chapter 482 of the Laws of 1933 enlarging the liability of stepfathers would be unconstitutional if applicable to marriages theretofore contracted.

The appeal should be dismissed, without costs.

LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., not sitting.

Appeal dismissed.