THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. L. HARDING ROGERS, JR., Appellant.

First Department, June 23, 1936.

*L. Harding Rogers, Jr.*, appellant, in person.

*Abraham J. Gellinoff, Deputy Assistant District Attorney*, of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

COHN, J. The Court of Special Sessions of the City of New York has convicted defendant of a violation of subdivision 1 of section 482 of the Penal Law, which reads as follows:

" 1. A person who wilfully omits, when able to do so, or without lawful excuse, to perform a duty by law imposed upon him to furnish food, clothing, shelter or medical or surgical attendance to a minor, or to make such payment toward the maintenance of a minor as may have been required by the order of a court or magistrate is guilty of a misdemeanor."

Defendant maintains that the Court of Special Sessions of the City of New York has no jurisdiction to try a case under subdivision 1 of section 482 of the Penal Law if based on an order of the Children's Court. This contention is predicated upon the enactment of the Domestic Relations Court Act of the City of New York (Laws of 1933, chap. 482). The pertinent provision of this act, subdivision 4, section 61, reads as follows:

" 4. The Children's Court shall, except as herein otherwise provided, have exclusive original jurisdiction in all cases against persons charged with a failure to obey any order of the court made

pursuant to the provisions of this section, and any violation of an order made pursuant to the provisions of this section shall be punishable as a misdemeanor, but the court may, in its discretion, proceed with and adjudicate upon it as a contempt of court."

In this opinion, the terms Court of Special Sessions, Domestic Relations Court Act, Children's Court Act and Inferior Criminal Courts Act, unless otherwise stated, mean such court, law or act as pertains to the city of New York.

Section 74 of chapter 659 of the Laws of 1910, as amended, i. e., section 74 of the Inferior Criminal Courts Act, dealing with the Domestic Relations Court, and chapter 254 of the Laws of 1924, known as the Children's Court Act of the City of New York, as amended, were specifically repealed by section 164 of the Domestic Relations Court Act. That act also contained the following provision:

" § 161. Effect of other laws. All laws and parts of laws, whether general, local or special, which are inconsistent with or in conflict with or repugnant to any provision of this act shall be deemed not to apply."

The Penal Law, section 2500, provides:

" Repeal of provisions of Penal Law must be explicit. No provision of this chapter, or any part thereof, shall be deemed repealed, altered or amended by the passage of any subsequent statute inconsistent therewith, unless such statute shall explicitly refer thereto and directly repeal, alter or amend this chapter accordingly."

The Domestic Relations Court Act does not explicitly refer to section 482 of the Penal Law, and if it were intended to repeal that section the omnibus provision is ineffectual for that purpose. (*People* v. *Dwyer*, 215 N. Y. 46, 51.) However, the intention of the Legislature to continue section 482 of the Penal Law unaffected by the passage of the Domestic Relations Court Act is evidenced by later amendments to that section. (Cf. Laws of 1934, chap. 802; Laws of 1935, chap. 205.)

In creating the Domestic Relations Court, the Legislature transferred to the new court the jurisdiction theretofore exercised by the Children's Court and " that part of the Magistrates' Court system of the City of New York known as the Family Court." (Domestic Relations Court Act, § 3.) The newly created Domestic Relations Court comprises two divisions, (1) the Children's Court, and (2) the Family Court (§ 5), and it is provided that the justices of the court are magistrates (§ 6). It is to be noted that the provisions of the New York City Children's Court Act (Laws of 1924, chap. 254) with regard to jurisdiction, powers and procedure of the Children's Court are found substantially re-enacted in title II of the Domestic Relations Court Act.

Save in so far as the Children's Court had jurisdiction over misdemeanors committed by children and which were treated as juvenile delinquencies, neither of the former courts, namely, the Children's Court or that part of the Magistrates' Court system known as the Family Court, had or exercised jurisdiction over a misdemeanor as a "criminal action." Nothing in the statute indicates an intention to confer upon the new court anything other than civil jurisdiction. It was undoubtedly the intent of the Legislature that proceedings against adults affecting domestic relations as well as those against children instituted in the Domestic Relations Court be civil in character rather than criminal, and that the new court was designed to be a civil and not a criminal tribunal. The Court of Appeals so held in *Matter of Kane* v. *Necci* (269 N. Y. 13), where it is said: "We now say that these proceedings are no longer of a criminal nature as they have shifted to the civil side of the courts by the provisions of chapter 482 of the Laws of 1933 creating the Domestic Relations Court of the City of New York."

Power was conferred upon the new court to treat as civil offenses acts which, but for the law creating the court, would be punishable only as crimes. Such acts do not cease to be crimes, but the new court is authorized to treat them as civil wrongs and impose punishment for them as such. The jurisdiction conferred is exclusive so far as the civil wrong is concerned.

Section 61 of the Domestic Relations Court Act provides for proceedings against an adult who has willfully omitted to obey the court's order to pay for the maintenance of a child committed by the court to an institution. It reads as follows:

"3. Adults; liability for support of children. The Children's Court shall also have jurisdiction whenever the issues involving a delinquent or neglected child are before the court, to inquire into and determine the liability of any parent or other person who is charged with failure to provide for the maintenance of any such child, when such person is required by law to provide for its care and maintenance; and to inquire into, and determine the liability of the parent of any child committed by the court, pursuant to any provision of law to a duly authorized association, agency, society, or institution, and the liability of any other person required by law to support or maintain any such child; and if judgment be rendered affirming the liability of any such parent or other person to pay for the maintenance, in whole or in part, of such child, and the court is satisfied, after proper investigation and hearing that such parent or other person is able to contribute toward its support, the court may by order require of such parent

or other person the weekly or monthly payment toward the maintenance or support of any such child such sum of money as the court shall deem fair and equitable, and may specify in the order the place where and the person, officer or agency to whom such payments shall be made; and if the sum paid shall be for the maintenance of a child committed by the court it shall be credited to the agency, association, society or institution having custody of the child, or to the city, or county having the burden of its care and maintenance. Proceedings under this subdivision may be instituted by a duly authorized agency, association, society or institution or by an interested party or on the court's own motion. The court may issue a summons or in a proper case a warrant or other process to secure or compel the attendance of any necessary person. The proceedings may, however, be in the nature of a civil proceeding and shall not require a judgment of ' disorderly person ' to authorize the making of an order; and such order, when made, may be enforceable and subject to execution as provided by title eight of part six of the Code of Criminal Procedure respecting the support of poor persons."

The act further provides, as previously pointed out, that a violation of an order made pursuant to the provisions of section 61 thereof, the pertinent portion of which is quoted above, " shall be punishable as a misdemeanor, but the court may, in its discretion, proceed with and adjudicate upon it as a contempt of court." (§ 61, subd. 4.) As we read this, the intention was to give the Children's Court the privilege of treating the offense as a contempt so as to retain jurisdiction, and it was not intended to take away from the proper court having criminal jurisdiction the power to deal with the offense as a misdemeanor.

The Penal Law, the Code of Criminal Procedure and the Inferior Criminal Courts Act regulate the manner of prosecuting and convicting criminals. A consideration of the provisions of these laws in connection with the Domestic Relations Court Act leads to the conclusion that there was no intention to transfer to the Domestic Relations Court the power to try misdemeanors. Such exclusive jurisdiction is lodged within the city of New York in the first instance in the Court of Special Sessions. (Inferior Criminal Courts Act, § 31, subd. 1.) A crime is prosecuted on an indictment or information. No provision is made in the Domestic Relations Court Act for either. A misdemeanant is entitled to a trial by three justices of the Court of Special Sessions of the City of New York (Inferior Criminal Courts Act, § 34) unless there is a waiver. (Inferior Criminal Courts Act, §§ 43 and 44.) The

Domestic Relations Court Act provides for no such safeguard. As pointed out in *Matter of Kane* v. *Necci (supra)*, the right to appeal from a conviction of a crime is radically different from the right to appeal from a judgment or order of the Domestic Relations Court. (Domestic Relations Court Act, § 58.)

Whether in a given case an order for the maintenance of children shall be enforced by proceedings in the newly created Domestic Relations Court or by criminal prosecution in the Court of Special Sessions is a matter which must rest in the sound discretion of those charged with the enforcement of this branch of the law.

We reach the conclusion, therefore, that the Court of Special Sessions has jurisdiction over the misdemeanor in question, while the Domestic Relations Court has power to treat the same act as a contempt of court but has no power to hear or determine the misdemeanor charge as such.

Defendant's attack on the information is without merit. It adequately sets forth that his failure to obey the order was " without lawful excuse."

The People fully established that the defendant " wilfully " omitted to pay the sum provided for in the prior order of the court and he was rightfully convicted.

The judgment of conviction must accordingly be affirmed.

MARTIN, P. J., McAVOY, TOWNLEY and DORE, JJ., concur.

Judgment unanimously affirmed.