MICHAEL ZAMBROTTO, Petitioner, *v.* MICHAEL JANNETTE and FRANK JANNETTE, Respondents.

Domestic Relations Court of City of New York, Queens County, September 24, 1936.

*Sydney Rosenthal,* for the respondents.

PANKEN, J. The respondents are charged with violating subdivision 2 of section 61 of the Domestic Relations Court Act of the City of New York. Prior to 1936 that subdivision and section limited the Domestic Relations Court " to try, hear and determine any charge or offense, less than the grade of a felony, against any parent, or other person *in loco parentis* to such child, involving an act or omission in respect to such child in violation of any law of the State or ordinance of the city of New York, or which has or is alleged to have contributed to the delinquency, neglect or dependency of any such child; and the court is authorized and empowered to render judgment therein, and if judgment be rendered sustaining the charge against such parent or other person the court shall have power to fix such punishment as the law provides."

By amendment passed by the State Legislature of the State of New York in 1936 and approved by the Governor of the State, the following was added to subdivision 2 of section 61 of the Domestic Relations Court Act: " Such court shall also have jurisdiction, whenever the issues involving a delinquent child are before the court, summarily to try, hear and determine any charge or offense less than the grade of a felony against any person alleged to have contributed to such child's delinquency and may impose the punishment provided by law for such offense." (Laws of 1936, chap. 346.)

Under the act before it was amended this court had no jurisdiction to hear and determine acts contributory to the delinquency or neglect of children by others than parents or those who stand *in*

*loco parentis* to children before the court. The amendment extends that jurisdiction over all adults contributing to delinquency of children in cases where the offense is of a lesser grade than a felony.

In the case of *Matter of Kane* v. *Necci* (269 N. Y. 13), speaking through the Chief Judge, this court is held to be one not partaking of the nature of a criminal court. The court said: " We now say that these proceedings are no longer of a criminal nature as they have shifted to the civil side of the courts by the provisions of chapter 482 of the Laws of 1933 creating the Domestic Relations Court of the City of New York."

In the very recent case of *People* v. *Rogers* (248 App. Div. 141) the Appellate Division of the First Department held that the Domestic Relations Court of the City of New York is not a criminal court. It has not, however, held that the State Legislature has not the power to confer criminal jurisdiction on this court. The court said: " Nothing in the statute [referring to the act creating the Domestic Relations Court] indicates an intention to confer upon the new court anything other than civil jurisdiction. It was undoubtedly the intent of the Legislature that proceedings against adults affecting domestic relations as well as those against children instituted in the Domestic Relations Court be civil in character rather than criminal, and that the new court was designed to be a civil and not a criminal tribunal."

The Court of Appeals so held in *Matter of Kane* v. *Necci* (*supra*). The court further says: " Power was conferred upon the new court to treat as civil offenses acts which, but for the law creating the court, would be punishable only as crimes. Such acts do not cease to be crimes, but the new court is authorized to treat them as civil wrongs and impose punishment for them as such. The jurisdiction conferred is exclusive so far as the civil wrong is concerned."

The Domestic Relations Court being a statutory court, the jurisdiction which might be conferred upon the court must nevertheless be found in constitutional provision. No powers might be conferred upon it that the Constitution prohibits or reserves exclusively to other courts. In *People* v. *Rogers* (*supra*) the court properly holds that certain acts do not cease to be crimes, but the Domestic Relations Court is authorized to treat these acts as civil wrongs and impose punishment for them as such. The State Legislature, under the mandate of the State Constitution, has the power to confer upon its creature, this court, both civil and criminal jurisdiction. And it has in express language conferred upon the Domestic Relations Court civil and criminal jurisdiction.

Article 6, section 18, of the Constitution of the State of New York defines the powers which may be conferred upon the court. It reads, in so far as it is germane to the question before me, as follows: " The Legislature may establish Children's Courts, and Courts of Domestic Relations, as separate courts, or as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency."

The Constitution thus specifically empowers the State Legislature to confer upon the Domestic Relations Court such jurisdiction as may be necessary for the protection and guardianship of minors and for the punishment and correction of adults responsible for or contributing to the delinquency of children.

An offense, committed by a child, which is not punishable by death or life imprisonment, is defined by the act to be one of delinquency. It is not regarded as a crime, the theory being that an anti-social act is either thoughtless or, in many instances, mischievous. The law takes cognizance of the fact that children are responsive to environmental influences and will commit deeds for which they should not be held individually responsible and, hence, should not be punished.

It is my personal hope that when the Legislature enacted the law governing the relationship between the State and children, it had in mind that under proper guidance, guardianship and in proper environments, children would comport themselves in a manner which would not cause delinquency. Moreover, that the purpose of establishing the Children's Division of the court was to rehabilitate, reclaim and salvage child life, rather than to punish children for misdeeds for which oftentime they are not responsible. What may be a criminal act when committed by an adult is not always that when the culprit is a child.

Modern thought and an enlightened view of penology minimizes, particularly in so far as children are concerned, the curative value of the punitive attitude. Education, guidance, supervision and training are a more effective means to the salvaging of the child than punishment.

The scientists now believe and assert that the anti-social act of the child, if promptly detected and properly treated, will not develop into criminal propensities. Punishment of the child as a criminal is no longer regarded either as a deterrent or a corrective.

The Domestic Relations Court Act properly surrounds the child with all protectiveness. It is not only to be protected from the

infiltration of influences by reason of environment generally, but it is also to be protected from influences directly exerted by individuals.

The Legislature, in its wisdom, has in the act establishing the court conferred upon the court power to punish those who stand *in loco parentis* to children for contributing to their neglect or delinquency.

The child being *non sui juris*, the person or persons having charge of it, both under the common law as well as under our statute, is deemed to be responsible for its acts. The person charged with the duty to properly guide and exercise guardianship over a child is answerable in law for failure in the performance of that duty. If such failure pertains to the case of an adult not *in loco parentis*, it is malfeasance. The parent or one who stands *in loco parentis*, if he or she contributed to the delinquency of the child, or neglect, and that is sustained by proof, is guilty of a crime and punishable therefor.

In our complex society and particularly in our great city with its teeming millions, parents, or those standing *in loco parentis*, are often prevented from exercising proper guidance to and guardianship of children because of the associations formed by the children with strangers and subjected to the influences of such. The immature mind is often influenced disastrously by the glamor of the strange.

The criminal will hide behind the cloak of the child. He will use the child as his cat's paw. He will corrupt the child. He will be the instigator of delinquency in the child to protect himself against punishment for the crime, were he, himself, the perpetrator of the act. And so, the State Legislature went one step further. It conferred upon this court the power to punish any adult who is responsible for contributing to the delinquency of a child if the offense is of a lesser degree than a felony.

The State Legislature had the power, under our Constitution (Art. 6, § 18), to confer criminal jurisdiction upon the Domestic Relations Court. Subdivision 2 of section 61 of the Domestic Relations Court Act is constitutional.

The two respondents before me are found guilty of contributing to the delinquency of a minor. I find, as a matter of fact, that these respondents have committed burglary, admittedly so by their own plea of guilty in the Magistrates' Court, and that sometime thereafter they contributed to the delinquency of the child. When a criminal commits more than one crime, he may be tried for each crime separately. A conviction for one of them does not preclude the conviction for another offense and, under such circumstances, a plea of double jeopardy will not lie.