ADELINE KASTNER, Petitioner, *v.* LEDYARD A. KASTNER, Respondent.

Domestic Relations Court of City of New York, Family Court Division, Kings County, October 27, 1938.

*Benjamin T. Cooke,* for the petitioner.

*Goldstein & Goldstein [Jonah J. Goldstein* of counsel], for the respondent

PANKEN, J. The obligation to support a dependent wife continues as long as the marital status exists. Upon a dissolution of the marriage, the relationship of husband and wife is terminated; the obligation of one towards the other ends in law, except as may be decreed in a proceeding presented in a forum having jurisdiction. The Supreme Court of the State of New York in a decree dissolving a marriage and terminating the relationship between parties may make such awards as equity requires for the support and maintenance of an ex-wife. In my opinion, a decree determining the rights of an ex-husband may also be made by the Supreme Court in its decree dissolving a marital status.

The Domestic Relations Court of the City of New York has no equity jurisdiction except as an incident to the jurisdictional powers conferred upon it by the Legislature of the State of New York under section 18 of article 6 of the Constitution of the State of New York. The jurisdiction and powers of this court must be determined from and found in the Domestic Relations Court Act of the City of New York (Laws of 1933, chap. 482) and the amendments thereto.

The jurisdiction of the court is as set forth in section 91 of the act. Subdivision 1 reads: " Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife, child or poor relative."

The powers of the court are set forth in section 92 of the act. Subdivision 1 reads: " To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

The petition in this proceeding was filed in October of 1937. At that time this court had jurisdiction of the subject-matter and the parties. The petitioner was then the wife of the respondent. On the 30th of May, 1938, a decree mutually divorcing the parties before me was entered in the State of Florida. In the action in that State the petitioner before me was the defendant, the respondent, the plaintiff. The decree reads in part as follows:

" That the defendant and cross complainant, Adeline J. Kastner, has sustained the allegations of extreme cruelty as set forth in her answer seeking affirmative relief, and the bonds of matrimony heretofore entered into and now existing between the said Adeline J. Kastner and Ledyard A. Kastner, be, and the same are, hereby dissolved, set aside and vacated, and the said Adeline J. Kastner is hereby granted an absolute divorce a vinculo matrimonii from the said Ledyard A. Kastner.

" It is further ordered, adjudged and decreed that the plaintiff, Ledyard A. Kastner, has sustained the allegations of extreme

cruelty contained in his bill of complaint and the bonds of matrimony heretofore entered into and now existing between the said Ledyard A. Kastner and Adeline J. Kastner be, and the same are, hereby dissolved, set aside and vacated, and the said Ledyard A. Kastner is hereby granted an absolute divorce *a vinculo matrimonii* from the said Adeline J. Kastner."

By the decree rendered in the State of Florida the marital relationship between the parties was terminated and put to an end. The petitioner is no longer the wife of the respondent, nor is the respondent the husband of the petitioner. The parties submitted to the jurisdiction of the Florida courts and asked for the affirmative relief granted them.

Is this court, having obtained jurisdiction of the parties and the *res* prior to the rendition of the decree of the State of Florida, empowered to continue jurisdiction of the parties, and has it the power to make an order for the maintenance and support of one who no longer is the wife of the person sought to be charged with her support? I think not.

There was no order entered on the petition herein. Jurisdiction by a court may end by a change of the status of the parties. In this proceeding it is the relationship of the parties which determines whether the court has and continues to have jurisdiction, and not the fact that the court had at one time acquired jurisdiction. A change in the rights of parties may abate the jurisdiction of the court. Under our law, a criminal charge may abate by a change of the law defining what constitutes a criminal act. While this court, as has been decided in the case of *Kane* v. *Necci* (269 N. Y. 13), does not partake of the nature of a criminal court, it cannot continue jurisdiction of parties who no longer bear the relationship to each other requisite to confer and continue jurisdiction by it over them.

The Legislature, in writing the act under which this court functions, wisely provided in subdivision 16 of section 92 that this court has the power " to modify or vacate any order issued by the court."

I should interpret that provision that this court has the power to vacate an order made by it in favor of a wife when the relationship of husband and wife ended by a decree of divorce rendered by a court of competent jurisdiction.

The petitioner relies upon section 137 of the act, which reads in part: " Where a divorce, separation or annulment has been granted to the petitioner by the Supreme Court or a suit for such relief is pending, and the respondent has been required under the terms of any order or decree entered in such separation, divorce or

annulment proceeding to pay a specified sum to the petitioner or her children as alimony or maintenance and has failed to do so, that fact shall not be a bar to a proceeding in the Family Court to compel support within the limits of the order of the Supreme Court and as set forth by section ninety-two of this act, provided that the respondent is not in jail for failure to obey the order of the Supreme Court." This provision of the section of the act as it is sought to be invoked with relation to the petitioner herein has not been construed by an appellate court nor has there been a construction of the quoted provision reduced to writing by any court. Doubt has been expressed as to the purport of this provision and the intent of the Legislature when it enacted it into law. There has been some debate as to its purpose and extent. It negatives the provisions of section 91 of the act and is contrary to the provisions of section 92 of the act to which reference is made in section 137.

The remaining portion of section 137 provides that if it is shown to the satisfaction of the Family Court that a spouse is likely to become a public charge, or a change of circumstances occurred since a determination in an action for divorce, separation or annulment pending in the Supreme Court, the Family Court of the Domestic Relations Court is not prevented from entertaining a petition for the support of the petitioner. The latter provision of section 137 has been construed by both this court and the appellate courts.

The language of section 137 is unfortunate. It joins decrees entered in divorce proceedings, separation suits and annulments. The theories upon which a divorce is granted or a separation or annulment had are different. A decree annulling a marriage places the parties in *status quo ante*, as if there had been no marriage at all. It is otherwise when a divorce decree is entered. That dissolves a legal marriage. A decree in separation determines the rights of parties who still are married to each other. It is quite evident that a woman whose marriage had been annulled has no right to support from the person to whom she was allegedly married. In law, she was not a wife. If children were born to her as the result of the invalid marriage, provision for such children might be made in the decree of annulment. Under our law, such issue would be legitimate and a petition in this court for the support of the children would lie and an order for their maintenance would be made. That is also true as regards children of divorced parents.

Where a decree of separation is entered, the marital status still existing, this court would have jurisdiction to make an order for the support of a dependent spouse within the limits of the order of

the Supreme Court. That power is reserved by subdivision 1 of section 92 of the Domestic Relations Court Act.

When statutory language is ambiguous, in construing such statutes the court must inquire into the intent of the enacting Legislature. In view of the other provisions of section 137 of the act, and in face of the clubbing together of actions grounded on and based on different theories, as well as the well-settled law of the State, it is evident that the intention of the State Legislature was not to empower this court to take jurisdiction over parties whose conventional relationship had been terminated. Section 137 does not empower this court to take jurisdiction under circumstances as disclosed in this proceeding. The language is that the fact that there has been a decree of divorce, a separation or an annulment shall not be a bar to a proceeding in the Family Court. And then goes forward and provides that such proceeding must be within the provisions set forth in section 92. To make provision for a divorced indigent wife who, in fact, is only an ex-wife, would be assuming powers not intended to be conferred upon the Domestic Relations Court of the City of New York. Acting under such assumption would be in furtherance of a multiplicity of actions. That is repugnant to our law. The basis for the other provisions of section 137 of the act is that a person chargeable with the support of a dependent, whether it be wife or children, may be brought before this court to prevent such dependents becoming a charge on the public.

In *People* v. *Schenkel* (258 N. Y. 224) the court said: " The husband's obligation of support continues as long as the marriage relation is not dissolved or limited by a decree of divorce or separation. It ceases when such a decree is made, except as otherwise provided in the decree. * * * Rights and obligations are usually relative. The obligation though unsatisfied is a shadow, when right to enforce it is lost."

By a decree dissolving a marriage, the rights that the wife had, except as equity may decree, end and terminate.

The rights of the petitioner with regard to continued support from her erstwhile husband have been fixed by the decree in the courts of the State of Florida.

It is argued that the full faith and credit clause of the Constitution of the United States requires this court to enforce the decree of the courts of the State of Florida providing for the support of the petitioner. This is not the forum in which the provisions of the Florida decree can be enforced. It is my opinion that the enforcement of a decree of the Supreme Court of the State of New York cannot be had in the Domestic Relations Court. The proper

forum for that would be the court issuing the decree, or by execution on a money judgment.

I do not know whether under the laws of the State of Florida, the provisions in the decree for the support of the petitioner can be reduced to a money judgment. If that can be done, a judgment might be obtained in our courts having proper jurisdiction on such judgment, and an execution thereon had. The Domestic Relations Court of the City of New York is not an enforcing agency of nor is it a collection instrument for courts of other States or courts of the State of New York. Recourse is to be had by the petitioner in the proper tribunal for the relief to which she may be entitled. The marriage having been dissolved between the parties, this, a court of limited jurisdiction, has not power in the premises.

In the trial of the proceeding, testimony had been adduced that there is a dependent child. The child is not made a party to the proceeding. It is seventeen years of age. That may account for failure to include it as a dependent.

In so far as the child is concerned, the father is chargeable with its support and, under subdivision 4 of section 101 of the Domestic Relations Court Act, a petition may be filed on behalf of the boy for an order requiring the father to provide for his maintenance and support.

I conclude that this court has no jurisdiction. Petition dismissed.