Elizabeth " James," Petitioner, v. William " James," Respondent.

Domestic Relations Court of City of New York, Family Court, Bronx County, November 18, 1941.

*Rose Schneph, Assistant Corporation Counsel*, for the petitioner.

*Lottie L. Stillerman*, for the respondent.

Panken, J.   The act establishing the Domestic Relations Court of the City of New York confers among other powers on the justices of that court in so far as the Family Court Division thereof to try a respondent on a charge of non-support.   A trial had before the court on such a charge differs materially from a hearing had on a petition against a respondent for having failed to make fair and reasonable provisions for the support of a dependent spouse or children.

In the latter instance, as has been said in the case of *Matter of Kane* v. *Necci* (269 N. Y. 13), by the Court of Appeals of the State, in effect, this court does not partake of the nature of a criminal tribunal; a hearing on a petition against a respondent for failure to make fair and reasonable provision for the support of dependents cannot be construed to be one in which a crime is charged and that a respondent is before the court as a defendant charged with an offense amounting to a crime.   In fact, the act provides that the use of the terms " complainant " and " defendant " is disallowed. The parties before the court are to be denominated as petitioner and respondent.

In a case where a person is charged before the court for non-support, it would appear that it partakes of the nature of being a criminal proceeding rather than a civil action.

Upon finding a person guilty of the offense of non-support, the justices of the Family Court Division of the Domestic Relations Court may punish the offender either by imprisonment or suspend sentence.   It is to be noted that the court is not empowered to

impose an alternative sentence. It is either imprisonment or suspended sentence. The act provides methods of punishing a person who willfully is guilty of non-support of a dependent.

Subdivision 14 of section 92 provides: " To hear and determine charges for non-support under the provisions of section one hundred and two." Section 102 of the Domestic Relations Court Act provides: " A person chargeable with the support of another as provided in section one hundred and one who fails to provide such support is guilty of non-support and may be punished by imprisonment in jail for not exceeding twelve months. He may be found guilty of non-support and when found guilty of non-support he may be punished according to law.

The law in proceedings between wife and husband or proceedings in which support is asked for children provides that an order may be made requiring the respondent to contribute to the support of his dependents in accordance with his means, their needs or to save the community from bearing the burden of providing for dependents. And in a proper case, to require that a bond be posted as guarantee for the payment as provided for in the order. In default of such posting of a bond, the court may commit the respondent to the workhouse or to the city jail. It is to be noted that no such provision is made in the act in cases where the respondent is charged with non-support. The one is a civil proceeding; the other partakes of the nature of a criminal action.

It has not been intended by the State Legislature to empower the justices of the Domestic Relations Court of the City of New York to do that which can be done in a criminal proceeding where a person is charged with non-support in a proceeding where a person, it is alleged, has failed to properly provide in accordance with his means for support of dependents.

It is axiomatic that what cannot be done directly may not be done indirectly.

A judge may not order that a bond be posted as guarantee for compliance with an order made when it appears that the respondent is unable to so do; and hence must default and be lodged either in a city jail or in the workhouse. It may well be that in some instances a respondent has failed to provide properly, but requiring him to post a bond which he is unable to do and must default so that he might be incarcerated is punishment administered indirectly and, in my opinion, contrary to the law. The problem as to whether or not incarceration in the city jail or in the workhouse serves any good purpose is debatable. There may be some respondents who will be chastened by a sojourn in one or the other penal institutions. By and large, imprisonment because of financial

inability to comply with an order for the posting of a bond, helps to greater resentment against a spouse or children rather than the neutralizing thereof. Resentment not only against wife and children, but resentment against the community that has deprived such person of his liberty. To such person, the deprivation came because he was poor and in his mind he conjures up ideas that he is being punished because of his poverty; that were he not a poor man, he would not be punished; for were he not a poor man, he would be able to post the bond and escape imprisonment. It works out that way in many cases. He who has the means to post a bond does so and often he is the person who has willfully flouted the order of the court. He had the means to comply with the order and would not do so. In some instances, he would not do so, willfully. He would not do so in hope that he might escape compliance; but when caught up with, he satisfies the order for a bond and escapes going to jail. On the other hand, he who had no financial ability to comply with the order for a bond may not have had, and in many instances did not have, the means to comply with the original order for the support of his family or his wife and which fact brought him into the court culminating in the order for a bond. He is deprived of his liberty, sent to jail or the workhouse for non-compliance with what he could not do.

It cannot be assumed that the State Legislature, in giving the power to the Domestic Relations Court of the City of New York to order posting of bonds and in default of posting such bonds to commit to the workhouse, intended that that power should be used to punish. If that were so, no provisions would have been made in the act empowering the court to try and punish for non-support.

Parenthetically, it might be said that the purposes which were set by the Legislature for the Domestic Relations Court of the City of New York are to rehabilitate, reconstitute families, reconcile differences in families with a view of re-establishing them.

Imprisonment for financial inability to post a bond when required by the court does not help in that direction; if anything, it stands in the way of any reconciliation of differences and the re-constituting of families. It may become the basis of irreconcilability.

The power which has been conferred upon this court to order the posting of bonds, and in default of so doing commit to the workhouse, is one which should be exercised with utmost discretion. Only when there is proof of ability to provide and a failure to do so and an ability to furnish or post a bond should an order to that effect be made. In some instances, an order for a bond might be

helpful but the execution of such order should be stayed from time to time upon compliance with the original order providing for a contribution to the maintenance and support of an indigent relative or child or wife

It is my duty, and as the law directs my duty, to see that the power of this court may not be used to lodge a man in the workhouse in default of posting a bond. A bond may be ordered only, in my judgment, where there is reason to believe that it can be enforced or there is reason to believe that the bond will be posted. If the court as a matter of fact knows it is impossible for a respondent to post a bond, knowing full well that if he does not post the bond he will go to the workhouse, it is tantamount to punishing a person for failing to do that which he cannot do and the court knows that he cannot do it.

Misconception of the law is apt to give rise to misuse of the law to the extent of doing that which the law never contemplated — exercising powers which the law never granted. I can see the advisability of using the power of the court to require the posting of a bond where there is contempt shown by the person who is to comply with the order, and the order is willfully disobeyed. But when the court has reason to believe that the order was not complied with through misconception and misunderstanding of its import or its meaning the situation is altogether different. Misconception, or misunderstanding, cannot be construed as willful. As said, this court is not a court primarily vested with criminal jurisdiction; it is not a criminal court in any sense of the word excepting where the judges sit as magistrates. When they sit as justices of the Domestic Relations Court of the City of New York, this court is *sans* criminal power or criminal jurisdiction. To invoke the penal law and its force, the court must sit as a magistrate. The requiring of the posting of a bond to assure compliance with an order does not require the judges of this court to sit as magistrates. I should not use my power to do that which I have not the power to do directly, in an indirect fashion.

The application to require the respondent to post a bond is denied.