" AGNES KLEIN ", Petitioner, *v.* " HERMAN KLEIN ", Respondent.[*]

Domestic Relations Court of the City of New York, Family Court, Bronx County, December 4, 1946.

" *Agnes Klein* ", petitioner in person.

" *Herman Klein* ", respondent in person.

PANKEN, J. Section 151 of the New York City Domestic Relations Court Act (L. 1933, ch. 482), in part, provides as

[*] Names used herein are fictitious for the purposes of publication.

follows: " The court may require the respondent to give to the clerk a written undertaking with sufficient surety approved by the court that the respondent will abide by the order for support. Such undertaking shall be for a definite period, not to exceed three years, and the required amount of the principal of such undertaking shall not exceed the total payments for support required for three years and shall be stated in the order for support. The respondent may deposit such sum in cash with the clerk.''

The court may, as it often does, require the posting of a bond in cash. The policy of this court has been, and properly so, to require what is termed a '' cash bond ''; that means, the amount of the bond is to be posted with the clerk of the court in cash. The bond may be furnished by a principal or may be furnished by a surety.

As far as I have been able to ascertain, there has not been a clear-cut determination, either in this court or in the court of next instance, as to whether the amount of the bond required determines the period for which the bond is furnished; that is, whether the amount required and furnished is to be deemed to guarantee payments only as required in the order of support for the period that the amount would be adequate to meet such payments. Common sense dictates that where a surety furnishes a bond, or in cash the amount of such bond, without fixing a definite period in the order for the bond for which sum is given, such surety might assume that the obligation is only for such time as the amount of the bond will cover under the order for support.

What the intention of the Legislature was when it enacted the statute is very difficult of ascertaining. All statutes must be interpreted in the light of common sense. A strained interpretation might run counter to common sense. It might be said that a law or statute which does not reflect common sense is not good law; indeed, it might be very bad law. In the last analysis, that law is good which is rooted in good sense and which therefore, by common consent, is accepted by the community. Legislatures in their deliberations and in the enactment of law should — must reflect what the community they act for desires and what is acceptable. Legislatures which run counter to what their constituencies desire and agree for them to do, set themselves up as rulers, rather than as the representatives chosen democratically to express the wishes and opinions and convictions of those they represent.

The section herein referred to should be amended so that this court, which is one of limited jurisdiction, may by express provisions know its powers and the limitations on such powers. It does seem rather incongruous to interpret the law in such a manner that it would require this court to return to a principal the amount that he might deposit under an order that he post bond as guarantee for compliance of an order providing for support of his dependents, if it is to assure also support of his dependents after the period of time had elapsed which would ordinarily consume or exhaust the amount posted.

In the first place, a bond is required because of failure on the part of a principal to respond to an order made in this court for support and maintenance of an indigent or other dependent. No bond will be required (see *"James"* v. *"James"*, 178 Misc. 1041) of a respondent unless the court feels that he is able to post such bond. This court, as other courts, has no power in law, in equity, or in morals, to require of a person to do that which he is incapable of doing. A court of justice can only require of a litigant to do that which justice requires. To do otherwise would be tantamount to punishing a person for that which he is unable to do. In *"James"* v. *"James"* (*supra,* pp. 1042, 1043) I said: " A judge may not order that a bond be posted as guarantee for compliance with an order made when it appears that the respondent is unable to so do; and hence must default and be lodged either in a city jail or in the workhouse. *   *   * The power which has been conferred upon this court to order the posting of bonds, and in default of so doing commit to the workhouse, is one which should be exercised with utmost discretion. Only when there is proof of ability to provide and a failure to do so and an ability to furnish or post a bond should an order to that effect be made."

For many decades, scores of years, the Anglo-Saxon law has been that no person can be punished by imprisonment for inability to pay a debt. Charles Dickens has done much to clear the atmosphere and to close debtors' prisons.

Respondents may be deserving of punishment, but punishment should not be visited by indirection. To incarcerate a person because of inability to post a bond is to visit punishment by indirection. If a respondent willfully fails to support his dependent there is adequate provision in law to punish him for nonsupport. (N. Y. City Dom. Rel. Ct. Act, § 102.) That is not the purpose of this court, or the purpose for which it has been created, nor is it justice in any sense of the word.

However, when the court does require a person to post a bond as surety for the fulfillment of the requirements of an order made by the court, and he so posts in cash the required sum, it would seem to me that he is not entitled, *ipso facto,* to the return of that fund upon the expiration of the period which would be covered by the sum posted and as required in the order, to furnish security for performance. He might be entitled to the return of the fund, or the unexhausted balance of the fund, upon a showing that there has been a change in his attitude with regard to his willingness to comply with the order for the support of his dependents.

The provision under section 151 is that: " * * * the principal of such undertaking shall not exceed the total payments for support required for three years and shall be stated in the order for support."

It would not be a strained construction of that part of the statute to hold that the court may withhold from a principal at least the amount which he posts as guarantee for the support of his indigent or other dependent until the expiration of three years from the day the order was made.