## In the Matter of " Evelyn Tana ".*

Domestic Relations Court of the City of New York, Children's Court.
New York County, December 28, 1949.

No appearances.

Panken, J. It has been said by the prophets that the sins of the fathers will be visited upon their children. No greater sin is known to me nor, I believe, known to anyone than the act of exposing children to neglect. The most serious neglect visited upon a child is failure to provide the child with a moral atmosphere to live in. To deny a child spiritual guidance is frightful. No more serious neglect is possible than that of which the consequences are suffered by the child rather than by those responsible for the immoral and amoral atmosphere to which the child is confined. Truly, the sins of the parents are visited upon the children. To expect children to escape that which is taught to them by example, by precept in an environment in which the examples and the precepts are accepted, is to expect the impossible or at any rate, the unexpected.

This child did act delinquently; she could not do otherwise in the premises. She is not a bad girl; she could not be better

---

* Names used herein are fictitious for the purpose of publication.

than she is for she had a mother as her model and a father contributing to her delinquent conduct.

The delinquency in this case by this youngster subsequent to the time that the petition was filed in this court is the result of the father's act.

Organized society requires that every member conform to the law. For law is not instituted amongst men for the benefit of one or for the punishment of one; it is instituted for the purpose of protecting society and all of its cells, each individual who is a part of the social organization. The law (Domestic Relations Law, § 15) which requires consent of a judge of the Children's Court to be obtained before a license is to be issued for the marriage of a child under the age of sixteen is not only good, it is requisite. Children in organized society are the wards of the community. They cannot protect themselves for they are not mature emotionally, spiritually or mentally to appraise the consequences of their acts. The law, when it was passed, took cognizance of the fact that there are men and women such as are the parents of this poor child, and so provided that only a judge of the Children's Court may consent to an issuance of a license to make possible the marriage of the child who is under the age of sixteen. Children must unfortunately but necessarily sometimes be protected against their own parents in consequence of either ignorance or the brutality or the bestiality of their own parents. The law is good. It should be enforced under all circumstances.

Because this child is only fourteen now, because she was just a day or two older than fourteen when she consented to go before the license bureau and assert that she was more than sixteen, and with the written consent of the father, it is difficult to find that she is the delinquent person by reason of her lying to the license bureau. The person who is delinquent is the " so-called " father. I use the appellation " so-called " because no father in his right mind would consent to a violation of the law by his own child, when the consequences of such a violation may be frightfully serious for the child, not only for the moment but throughout her life.

The child is now, consequently, pregnant. Before she is fifteen she will be a mother. At fourteen she is a wife, in appearance a child of twelve. All of that because of this child's neglect by her parents.

No excuse can be found for the father of this child for what he did, for he knew the child was before the court at the time the application was made and supported by an unlawful act the issu-

ance of a license for her to get married. Even a plea of ignorance would seem to be unavailable to him.

In the case of *Zambrotto* v. *Jannette* (160 Misc. 558), I have held that a stranger who contributes to the delinquency of a child violates the law and he is answerable for that violation of the law. Contributing to the delinquency of a child is a crime and the person who deliberately contributes to the delinquency of a child is guilty of a criminal act, punishable as the law permits.

I am mindful of the opinion by the Court of Appeals in *Matter of Kane* v. *Necci* (269 N. Y. 13) that the Domestic Relations Court of the City of New York partakes of the nature of a civil court. That is applicable where the rights of children are involved in the Family Division of the court. It does not preclude the State Legislature from conferring such powers as it deems necessary for the protection of children.

The Appellate Division in *Matter of Humann* v. *Rivera* (272 App. Div. 352) construed subdivision 2 of section 61 of the Domestic Relations Court Act. The question was raised in that case as to the constitutionality of the provision in the section conferring jurisdiction upon the Children's Court Division of the Domestic Relations Court of the City of New York and the power to entertain informations charging persons with contributing to the delinquency of a child. Under the act, contributing to the delinquency of a child is a crime and punishable as a misdemeanor. The court upheld the constitutionality of section 61.

There was no doubt in my mind of the constitutionality of the provisions of section 61 above referred to. The Constitution of the State of New York empowers the State Legislature to confer such jurisdictions and such powers upon its creatures to protect the child population of the State as may in its judgment be requisite. Contributing to the neglect or delinquency of children is a serious offense against them. And such acts often affect the rectitude and decency of children by inciting or by other acts and cause the children to become delinquent. To reduce the extent of adult crime, delinquency of children must be kept at the lowest possible level. The conferring of jurisdiction upon the Domestic Relations Court of the City of New York to punish those who contribute to juvenile delinquency was a reasonable exercise of legislative power.

As a matter of fact, the child is not inherently delinquent but is delinquent because of the influence of an incompetent, unfit and inadequate mother, and because of acquiescence on the part of the father in her misconduct. I should be inclined to discharge

on this petition, but I am aware, keenly so, of the incapacity and inadequacy of the people who should guide her. That is my opinion. And upon that opinion, I direct supervision of the child.

Married children do not become adults just because they marry; they continue to be children. And as children they should be protected; as children they should be guided, and as children they should be helped to get along in this world.

This court has not the jurisdiction nor is it within its power to determine the validity of this marriage or otherwise. As a matter of law, it appears to me that the marriage is invalid. As a matter of law, I think the marriage should be annulled, and as a matter of equity and social need and justice to this child, it should not be approved.

The probation officer submits to me an application for consent of the court to the issuance of a license so that this child can get married. The license has been issued and a marriage ceremony has been performed. What I am asked to do by the probation department is to perform a futile act, or possibly a futile gesture.

Probation.