THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ZURTIE JONES, Defendant.

Domestic Relations Court of the City of New York, Children's Court, New York County, February 2, 1951.

No appearance for plaintiff.

*William Hatfield* for defendant.

PANKEN, J. Subdivision 2 of section 61 of the Domestic Relations Court Act of the City of New York as it affects the Children's Court Division in part reads: " The children's court shall have jurisdiction, whenever the issues involving a delinquent or neglected child are before the court summarily to try, hear and determine any charge or offense, less than the grade of a felony, against any parent, or other person in loco parentis to such child, involving an act or omission ", and the said subdivision follows by: " Such court shall also have jurisdiction, whenever the issues involving a delinquent child are before the court, summarily to try, hear or determine any charge or offense less than the grade of a felony against any person alleged to have contributed to such child's delinquency and may impose the punishment provided by law for such offense ".

In the case of *Zambrotto* v. *Jannette* (160 Misc. 558) in which case the court as it is now constituted wrote the opinion, it was held that subdivision 2 of section 61 is sanctioned by the Constitution of the State of New York. Section 18 of article VI of the Constitution of the State of New York empowers the State Legislature to establish courts, Family Courts as well as Children's Courts, in protection of and for the purpose of safeguarding the rights and interests of children; this court has been created by the State Legislature for the purposes enumerated in section 18 of article VI of the Constitution of the State of New York.

It is the duty and obligation of Justices of the Domestic Relations Court of the City of New York to exert all power and to invoke all influences of which the court may be possessed to the end that the child life of our State may be protected. When the court speaks of the protection of child life of the State it

does not limit itself to the protection of the health, the physical well-being of our children, but also the protection of the possibilities and potentials with which each human being is endowed, to the end that these potentials and these possibilities might be developed in full for the best interests of children, and moreover, for the best interests of the social organism of which each child is a part and of which in course of time the child on reaching adulthood contributes to the general welfare of the community, the State. The Legislature in discharge of the powers and duties imposed upon it by the Constitution of the State of New York has conferred jurisdiction upon this court to try and determine issues as set forth in subdivision 2 of section 61, and impose such punishment in accordance with the law the court deems proper. In *Matter of Humann* v. *Rivera* (272 App. Div. 352), decided by the Appellate Division, First Department, the court in that case held on an appeal from this court, though reversing the determination by the court, that the constitutionality of subdivision 2 of section 61 cannot be questioned; indeed, the court had confirmed in its opinion the constitutionality of the subdivision herein referred to.

In the matter of Zurtie Jones the court has found the said Zurtie Jones guilty of having contributed to the delinquency of three children. The facts germane are as follows: The proof submitted to the court upon the petition alleging delinquency of the three children was that these children for a considerable period of time had taken from wash lines on roofs and elsewhere spreads, sheets and pillowcases, and sold these sheets, spreads and pillowcases to several persons. One of these persons to whom these articles were sold was the defendant before the court.

The sale of articles to defendant by children ranging in age from twelve to fourteen should have put this woman on notice, particularly since the articles she purchased from these children were secondhand, used articles, and she should have inquired as to where they obtained these articles which they offered for sale to her and which she purchased. The defendant testified that these children were in the habit of visiting her home for the purpose of viewing television programs. She is not related to any of the three children. The fact in itself is a circumstance which supports the evidence that she had purchased articles stolen by the children.

While there is no testimony before me, her home was a " hang out " for children. The facts as testified to seem to indicate that fact.

The defendant is twenty-nine years of age. She is the mother of a baby four months of age, she testified. There is no doubt in my mind that her appearance in court regardless of any punishment that the court will impose upon her will have acted already as a very definite deterrent, and it is reasonable to assume that she will not engage in conduct such as has been testified to nor that she will in the future contribute to the delinquency of children. Moreover, her appearance in court and the punishment that may be imposed upon her will act as a deterrent to others who also have purchased stolen articles from these children, and others who have contributed to the delinquency of children.

The child life of our city is being threatened, seriously so, and it is threatened in the name of monetary profits by immoral, antisocial men and women, who not only contribute to the delinquency of children, but will for the sake of profit to themselves introduce children to the use of narcotics, which use is a menace not only to the children but to all in the community. The fact that this defendant is before me may also act as a deterrent to the " pushers " of heroin for they will know that this court for the protection of the children of the State will invoke the existing law to administer punishment on those who will contribute to the delinquency of children.

Subdivision 2 of section 61, as enacted by the State Legislature pursuant to the powers conferred on it by the Constitution of the State when the Domestic Relations Court Act was created, had made no provision for holding other than parents or those *in loco parentis* chargeable with a crime less than a felony for contributing to the delinquency of children. The section was amended thereafter and provision was made empowering this court to try, hear and determine any charge or offense less than the grade of a felony against any person contributing to the delinquency of a child and impose punishment as provided by law for such offense.

The defendant herein is in no way related to the children to whose delinquency she contributed. Her offense falls right within the purview of subdivision 2 of section 61 of the Domestic Relations Court Act.

It is well that the law was amended to confer jurisdiction upon the court of those who contribute to the delinquency of children whether they are parents, standing *in loco parentis,* or altogether strangers.

Children are responsive to influences. They are easily tempted and because of impact of material, of immoral or amoral, and

often of definitely antisocial nature being fed to children, it is easy for them to succumb to temptation held out to them to gain by their acts of delinquency such as stealing.

I am loath to impose a prison sentence upon this woman because of the fact that she has a four-months-old baby. Whether she will go to prison or not is in her own hands. The sentence of the court is that she be committed to the workhouse for four months and pay a fine of $50. However, execution of the sentence to the workhouse will be stayed for the period she is sentenced, and during that period she is to be on probation. Violating the rules of probation will be the key that she will use to open the door to the workhouse.