Jacob Markowitz, J.
Relator on this writ has been committed to the City Workhouse on Harts Island for a term of six months on a warrant issued by the Family Court Division of the Domestic Relations Court of the City of New York on relator’s failure to comply with the support orders of that court.
The authority for relator’s commitment to jail is incorporated in subdivision 13 of section 92 of the Domestic Relations Court Act of the City of New York and is not challenged in this proceeding. Neither is the legality nor propriety of this particular commitment under attack. Relator’s application deals exclusively with section 250 of the Correction Law, which provides for a discretionary reduction of sentence of five days each month for good behavior for prisoners confined by a court having “ original criminal jurisdiction ” for a term not exceeding one year. It is contended by relator that he is entitled to such time off.
The court recognizes that the statute relied upon by the relator is applicable ostensibly to criminal confinements only, and that a confinement such as relator’s is considered generally to be civil (see Matter of Kane v. Necci, 269 N. Y. 13). It was pointed out in the Kane case (supra), that such proceedings were criminal prior to the enactment in 1933 of the Domestic Relations Court Act. It should be noted in passing that the Kane case, which appears to be respondent’s sole authority on this point, dealt exclusively with the question of whether an appeal from a Domestic Relations Court commitment order shall be regarded as a criminal or civil appeal. It is interesting to note, however, that the statutory provisions respecting support of indigent relatives currently administered by the Domestic Relations Court are still contained in title VIII of part VI of the Code of- Criminal Procedure. It would thus appear that, although by the device of family court procedure the stigma of criminality has been removed from such proceedings, sufficient vestiges of the old system remain to raise the question as to whether civil prisoners under a jail sentence for a fixed term *46 should not he accorded benefits customarily granted to those punished as criminals (Correction Law, §§ 230, 250).
The arguments in favor of equal treatment are enhanced when it is considered that apparently due to lack of facilities, persons committed by the Domestic Relations Court may be confined in either a workhouse or city prison along with ordinary criminals (see N. Y. City Dom. Rel. Ct. Act, § 2, subd. [9]). It is conceded on the record that the relator herein shares the same sleeping, eating, recreational and sanitary facilities as persons committed to prison for misdemeanors. It should be noted that persons held to be in contempt of this court are segregated from those serving criminal sentences and kept in a civil jail. Thus, despite the semantic categorization of relator as a civil prisoner, so long as he is treated as a criminal, the benefits of the criminal should accrue to him.
Accordingly, the writ is sustained and relator’s release shall be ordered. Application of ordinary standards of fair play could bring about no other result.