MAYER v. DAVIS et al.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

BASTARDS—ILLEGITIMACY—SUFFICIENCY OF EVIDENCE.

> Where illegitimacy of the issue of a married woman is asserted, it must be incontrovertibly shown that there was no such access as could have enabled the husband to be the father.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bastards, §§ 9, 10.]

On reargument.   Judgment below reversed, and new trial granted.
For former opinion, see 119 App. Div. 96, 103 N. Y. Supp. 943.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Harry E. Lewis, for appellant.
I. R. Oeland, for respondents.

GAYNOR, J.   When this case was first disposed of by us I wrote:

> "If 280 days be taken as the period of gestation, there were within it 39 days of possible sexual access of the appellant's parents before his father went to the hospital, and if 300 days be taken as the period allowed from the latest opportunity of access to delivery, there were 59."

In this I made the large error of 47 days.   I should have written "before his father died," instead of "before his father went to the hospital"; and he was in the hospital 47 days.   The result is that there was no time of possible access if the period of 280 days be taken (for there was no access during the 47 days the deceased was in the hospital), and only 12 days if the period of 300 days be taken.   During these 12 days the deceased was living in the household of the mother of the two tenants in common other than the appellant, as pointed out in my former opinion.   The purport of her testimony was that the wife of the deceased never visited him there.   But she says that she was not always at home, and could not tell how often she went out. Moreover she was testifying for her children, and to be classed as a biased witness.   The burden was on the respondents to show incontrovertibly—by "irrefragable proof" (Caujolle v. Ferrie, 23 N. Y. 108), i. e., so clearly and certainly as not to admit of denial, dispute or controversy (see "Irrefragable," Century Dictionary)—that such access did not take place, and this they did not do.   It would be hazardous to say there was no access.

The judgment should be reversed both on the law and the facts.

Judgment reversed on the law and the facts on reargument, and new trial granted; costs to abide the final award of costs.   All concur.