■ In the Matter of JEANNE C., Respondent, v PETER W. D., Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered August 27, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of petitioner's child.

Petitioner married Roger Schebesta in 1978 and she and her husband resided together until February 1980, when petitioner left the marital residence. Petitioner and her husband

did not engage in sexual intercourse after their separation. A separation agreement was signed on March 11, 1982. Petitioner and respondent began dating in February 1980. Petitioner became pregnant and had an abortion in April 1980 which was paid for by respondent. Shortly thereafter, petitioner and respondent resumed their relationship and regularly engaged in sexual intercourse. On February 13, 1982, a child was born to petitioner.

On January 19, 1984, petitioner filed a paternity petition alleging that respondent was the father of her son, Jared (the child's last name was later changed to respondent's last name). Respondent appeared in Family Court on May 25, 1984 and admitted paternity and an order of filiation was entered. In October 1985, by order to show cause, respondent moved for vacatur of the order of filiation, for an evidentiary hearing on the issue of paternity, and an order compelling blood tests. On February 10, 1986, Family Court vacated the order of filiation and ordered that the income deduction order, which had previously been signed, be continued but that the funds be placed in escrow. The court also ordered that blood generic marker tests be performed on the parties and the child.

On April 29, 1986, after respondent's motion that the presiding Family Court Judge disqualify herself on the ground of bias against respondent was properly denied, a fact-finding hearing was held and the results of the human leucocyte antigen (HLA) tests were admitted into evidence. The HLA tests revealed the probability of respondent's paternity to be 99.82%. After nine witnesses testified and various exhibits were produced, an order of filiation was entered which, *inter alia,* adjudged and declared respondent to be the father of petitioner's child. This appeal by respondent ensued.

Initially, we reject respondent's contention that the HLA test results should not have been admitted into evidence as there was no proof that the laboratory tests were approved by the Commissioner of Health. CPLR 4518 (c) provides that the report of the analysis of a HLA test is admissible into evidence and is prima facie evidence of the "facts contained, provided they bear a certification or authentication by the head of the hospital, laboratory * * * or by an employee delegated for that purpose or by a qualified physician" *(see, Matter of Commissioner of Social Servs. of County of Erie v Richardson,* 112 AD2d 760; *Matter of St. Lawrence County Dept. of Social Servs. v Steve CC.,* 92 AD2d 1038). Here, the HLA tests were conducted and the results reported were certified and authenticated by James Geyer, Ph.D., an em-

ployee delegated the task of certifying HLA tests results administered by court order pursuant to Family Court Act §§ 418 and 532. No evidence was introduced by respondent to refute the certification of the results.

Next, respondent argues that the only dates of sexual intercourse between the parties were given by petitioner and that her testimony was vague and contradictory. However, due to the intimate nature of the act, it is likely that the parties would be the only individuals with personal knowledge of such an event. Respondent chose not to testify and the strongest inference can be drawn against him (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141). Thus, in this case there is a strong inference that at least the fact and date of sexual relations with respondent were accurate (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994). Further, the record shows that respondent paid for a crib and snowsuit for the child, placed the infant on his medical insurance plan and acknowledged to friends that the infant was "our son".

Finally, we note that while a HLA test of petitioner's husband would have been useful, no such testing is required nor would the facts of this case suggest that such a test would have contributed to the issue of respondent's paternity. Petitioner and her husband separated in February 1980 and signed a separation agreement on March 11, 1982. Petitioner's husband testified that they had not had sexual intercourse since their separation. While the presumption in favor of the legitimacy of a child born in wedlock is one of the strongest presumptions in the law, the presumption is rebuttable (see, Matter of Schenectady County Dept. of Social Servs. v Hilvan RR, 57 AD2d 688). Here, Family Court's assessment of the credibility of petitioner's testimony concerning nonaccess by her husband is entitled to be given great weight by this court (see, Matter of Liccione v John H., 65 NY2d 826; Matter of Denise UU. v Frank VV., 87 AD2d 686; Matter of Schenectady County Dept. of Social Servs. v Hilvan RR, supra).

In our view, petitioner has established by clear and convincing evidence which is entirely satisfactory and creates a genuine belief that respondent is the father of her child (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., supra, at 141-142).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.