■ In the Matter of OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JENNIFER M., Respondent, v THOMAS N., Appellant.—Mercure, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered February 9, 1987, which granted petitioner's application, in a

proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Jennifer M.

A paternity proceeding was commenced on behalf of Jennifer M. (hereinafter the mother) for a determination that respondent was the father of a daughter born to her on March 4, 1986. At the filiation hearing, the mother testified that, to her best recollection, her last menstrual period prior to pregnancy was in May 1985; that she and respondent had sexual intercourse more than once during May and June 1985, ostensibly the time of conception, utilizing the birth control technique of withdrawal on those occasions; that she had sexual intercourse with respondent some 20 times between December 1984 and September 1985 and that she had no relations with other men during that period. Respondent testified that although he and the mother had sexual relations on three occasions, they did not engage in sexual intercourse during May or June 1985. The results of human leucocyte antigen (HLA) blood tissue tests and red blood cell tests were admitted into evidence and indicated the probability of respondent's paternity to be 97.86%. Family Court adjudicated respondent to be the father of the child, and this appeal ensued.

We affirm. Respondent's contention that the mother failed to establish his paternity by evidence that was clear and convincing, entirely satisfactory and sufficient to create a genuine belief that he was the child's father, as is required in paternity cases (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996), is not persuasive. A determination of paternity rests basically upon a resolution of the credibility of the parties (Matter of Seeberg v Davis, 84 AD2d 262, 263) and, since Family Court had the advantage of seeing and hearing the witnesses first hand, we are reluctant to disturb that court's findings under the circumstances here present (see, Matter of Kimiecik v Daryl E., 92 AD2d 1063). Although the mother's testimony was not crystal clear, the inconsistencies can be attributed to the fact that she was only 15 years old at the time she testified and that the acts of sexual intercourse occurred almost two years prior to the hearing (see, Matter of Karen K. v Christopher D., 86 AD2d 633). Additionally, the HLA tests, which were also relied upon by the court in its determination, are "highly accurate on the issue of paternity" (supra, at 634).

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.