In the Matter of MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JODY WW., Respondent, v TERRY XX., Appellant.—Weiss, J. P. Appeal from an amended order of the Family Court of Madison County (Humphreys, J.), entered November 25, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Jody WW.

This filiation proceeding was commenced in October 1986 on behalf of Jody WW. to establish that respondent is the father

of her child, Jason. At the hearing conducted July 10, 1987, the mother testified that she engaged in a single act of intercourse with respondent in December 1980, at which time she was 15 years old and respondent 20 years old. The event ostensibly took place in respondent's apartment. The mother's then 10-year-old brother and a 12-year-old girlfriend were allegedly present, and each testified to having observed the mother and respondent together naked. The mother acknowledged that she had another boyfriend at that time but that she did not become intimate with him until January 1981. Notably, a blood-grouping test excluding this person as the father was received into evidence. A second blood-grouping test was received into evidence and revealed a probability of respondent's paternity of 99.82%.

Respondent denied that the event ever took place. He acknowledged that the mother came to his apartment with his sister sometime in September 1980, but emphasized that he did not see or hear from her again until October 1986. Respondent produced a former girlfriend who testified that she was with him every night during December 1980. Additionally, respondent presented an expert witness who maintained that the blood-grouping test was premised on inaccurate statistical conclusions, particularly the automatic use of a .5 prior probability factor. Family Court adjudicated respondent to be the father of the child. This appeal ensued.*

Citing to various inconsistencies in petitioner's case, particularly the extended delay by the mother in making this claim, respondent maintains that petitioner failed to prove paternity by clear and convincing evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). We hold otherwise. Paternity matters often present a sharp divergence in testimony and this case is clearly no exception. Because Family Court has the opportunity to evaluate the testimony first hand, that court's resolution of credibility issues is entitled to considerable deference (see, Matter of Otsego County Dept. of Social Servs. [Jennifer M.] v Thomas N., 137 AD2d 892, 893; Matter of Jeanne C. v Peter W. D., 134 AD2d 779, 781, appeal dismissed 71 NY2d 994; Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., 133 AD2d 882, 883). Many of the inconsistencies attributable to the mother and her witnesses are clearly understandable given their ages and

---

* Although the order of filiation involved herein is not appealable as of right (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15), we grant respondent leave to appeal the order sua sponte.

the passage of more than seven years between the relevant occurrence and the time of the hearing *(see, Matter of Otsego County Dept. of Social Servs. [Jennifer M.] v Thomas N., supra,* at 893).

Respondent's suggestion that the mother's testimony is inconsistent with a normal period of gestation is unpersuasive. As Family Court recognized, a precise duration of pregnancy could not be established in this case since the mother was unable to pinpoint her last menstrual period *(see, Matter of Morris v Terry K.,* 70 AD2d 1031). While the mother identified December 13, 1980 as the date of conception in her bill of particulars, she testified that the event occurred a week or two prior to Christmas, indicating a gestation period of between 275 to 282 days. The medical records indicate the baby was full term and conceived in mid-December. Notably, at this juncture the mother testified that respondent was the only person with whom she had sexual relations. In our view, further medical testimony was not required to correlate the mother's testimony with a normal period of gestation *(see, Matter of Riley v Benware,* 105 AD2d 1122; *Matter of Apuzzo v Slesinski,* 97 AD2d 615, 616). Moreover, Family Court could readily rely on the blood-grouping test results which evidenced a significant probability of paternity *(see,* Family Ct Act § 532; *Matter of Jeanne C. v Peter W. D., supra,* at 780). Respondent's expert candidly conceded that his critique of the test factors represented a minority view in the scientific community.

In our view, Family Court did not err as a matter of law in crediting the mother's testimony *(see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., supra,* at 884), and the evidence clearly and convincingly identifies respondent as the father of the mother's child *(see, Matter of Ulster County Dept. of Social Servs. v Neal HH.,* 105 AD2d 996).

Amended order affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.