■ In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAWN Y., Respondent, v WALTER Z., Appellant.—Weiss, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered September 21, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Dawn Y.

This paternity proceeding was commenced on behalf of Dawn Y. for a determination that respondent was the father of a son born to her on June 9, 1986. At the hearing, the mother testified that she was a virgin prior to engaging in a

single act of intercourse with respondent in the backseat of his car on August 18, 1985, that no contraceptives were utilized, that her last menstrual period prior to pregnancy was August 8, 1985, and that she had not since engaged in intercourse. She acknowledged dating one Kelly during the summer of 1985, but denied that they engaged in any sexual relations. A witness for respondent also testified that the mother dated Kelly during this period. Respondent testified that he first met the mother during mid-August 1985, and again 2 to 4 weeks later in early September. On the latter occasion, respondent recalled meeting the mother at a bar. En route home, respondent parked his car in a field where the two sat in the backseat "kissing and hugging". Pointedly, respondent did not recall whether they engaged in sexual intercourse, and when pressed during cross-examination, testified that he did not believe that they had sex because he would have realized it the next morning. Respondent had been drinking and indicated that he may have blacked out. Family Court concluded that respondent was the father of the child. This appeal ensued.*

We reverse. A paternity finding must be premised on clear and convincing evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). As with most paternity proceedings, the instant case poses conflicting versions of the operative facts. In these instances, the findings of the trial court are accorded considerable deference (Matter of Commissioner of Saratoga County Dept. of Social Servs. v Charles G., 146 AD2d 854; Matter of Madison County Dept. of Social Servs. v Terry XX., 144 AD2d 821; Matter of Otsego County Dept. of Social Servs. v Thomas N., 137 AD2d 892, 893). This is particularly true here where the mother's testimony as to intercourse was specific, while respondent did not deny engaging in intercourse, but simply could not recall the event. In so testifying, he essentially conceded opportunity. Additionally, Family Court could readily accredit the mother's testimony regarding Kelly.

Nonetheless, respondent persuasively maintains that the mother's testimony is inconsistent with a normal period of gestation. The mother testified that conception occurred on August 18, 1985, indicating a gestation period of 295 days. The normal period of gestation from conception to birth is 266 days, with some flexibility (see, Matter of Pandozy v Perry X.,

---

* Although the order of filiation is not appealable as of right (see, Matter of Jane PP. v Paul QQ., 64 NY2d 15), we grant respondent leave to appeal the order sua sponte.

141 AD2d 894, 896; *Matter of Riley v Benware,* 105 AD2d 1122; *Matter of Morris v Terri K.,* 60 AD2d 728, 729). A material deviation from this range necessitates an appropriate medical explanation *(Matter of Pandozy v Perry X., supra).* Moreover, the mother testified that her last menstrual period occurred August 8, 1985 and that she had a regular 28-day cycle, indicating a *duration* of pregnancy of 305 days, also beyond the general 265-to-299-day range *(see, Matter of Morris v Terry K.,* 70 AD2d 1031). Significantly, there was no medical testimony to explain the substantial 29-day deviation from the normal gestation period, or the excessive duration of pregnancy. Under the circumstances presented, however, we find that a new fact-finding hearing, not an outright dismissal, is appropriate *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996, *supra; Matter of Riley v Benware, supra,* at 1123; *cf., Matter of Pandozy v Perry X., supra,* at 897 [Levine, J., dissenting]). We further note that, upon remittal, the results of the human leukocyte antigen blood tests administered in this case should be received into evidence, if duly certified *(see,* Family Ct Act §§ 418, 532; CPLR 4518 [c]; *Matter of Menaldino v Mark UU.,* 141 AD2d 265, 268; *Matter of Jeanne C. v Peter W. D.,* 134 AD2d 779, 780-781).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with the decision of this court. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.