■ In the Matter of LAURA U., Appellant, v MARK V., Respondent.—Harvey, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered April 13, 1988, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of petitioner's child.

Petitioner instituted this proceeding to adjudicate respondent as the father of her son, born out of wedlock in September 1985. At the ensuing trial, petitioner testified that she had engaged in an ongoing sexual relationship with respondent from January 1984 through March or April 1985, including engaging in unprotected intercourse several times during the month of December 1984, the most likely time of conception according to medical testimony. Respondent did not testify at trial.

Along with other testimony and evidence, the results of a human leucocyte antigen (hereinafter HLA) blood test and related electrophoresis blood test were admitted into evidence. The HLA blood test results showed that there was an 86.9% likelihood that respondent was the father of petitioner's child. The electrophoresis test indicated a 99% probability that respondent was the father of petitioner's child. Following the trial, Family Court dismissed the petition and this appeal by petitioner followed.

We affirm. Petitioner's burden of proof in this case was to establish respondent's paternity "by evidence that was clear and convincing, entirely satisfactory and sufficient to create a genuine belief that he was the child's father" (*Matter of Otsego County Dept. of Social Servs. v Thomas N.*, 137 AD2d 892, 893; *see, Matter of Jane PP. v Paul QQ.*, 65 NY2d 994, 996). Family Court found that petitioner had not met her burden principally because of the court's evaluation of the credibility of the witnesses and other evidence. It is well settled that a determination of paternity rests essentially upon a resolution of the credibility of the parties (*see, Matter of Otsego County Dept. of Social Servs. v Thomas N., supra*). Moreover, because Family Court had a firsthand opportunity to evaluate the witnesses' testimony, including petitioner's, that court's resolution of the credibility issues is entitled to considerable deference and we are reluctant to disturb that

court's findings under the circumstances of the present case *(see, Matter of Madison County Dept. of Social Servs. v Terry XX.,* 144 AD2d 821).

Here, while petitioner testified that she did not have sexual relations with anyone other than respondent during the month of December 1984, she did admit having sex with another man near the end of November 1984, a time when it was possible that conception could have occurred. At the time petitioner was pregnant, she told the Planned Parenthood Clinic that she had had more than one partner at the applicable time. She also made a statement to the Saratoga County Department of Social Services that she did not know who the father of her baby was because she was dating four men at the time of conception. Although petitioner testified that she did not begin having sex with one of those men until early February 1985, one witness for respondent testified that he saw petitioner go into a bedroom alone with that man several times during the period between November 1984 and January 1985.

Taking this and other evidence into account, we cannot say that Family Court's credibility determination is unsupported by the record. This is so even if we draw the strongest inference against respondent due to his failure to testify *(see, Matter of Jeanne C. v Peter W. D.,* 134 AD2d 779, 781, *appeal dismissed* 71 NY2d 994). We also reject petitioner's contention that Family Court was required to find in her favor because of the electrophoresis, HLA-related blood test which determined the probability of respondent being the father to be 99%. While it is true that HLA blood tests are considered to be " 'highly accurate on the issue of paternity' " *(Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877, 878, quoting *Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634), the results are not dispositive because they have not yet been recognized as conclusive on the question of paternity *(see, Matter of Terri OO. v Michael QQ.,* 132 AD2d 812, 813).

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.