█ In the Matter of WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, on Behalf of JEAN MM., Respondent, v KENNETH NN., Appellant.—Yesawich, Jr., J.

Petitioner filed a petition charging that respondent fathered a child born out of wedlock to Jean MM. At the filiation proceeding the mother, though unable to pinpoint the exact date she last had sexual relations with respondent, recounted that she and respondent had been going together for three years, during which time they engaged in sexual intercourse approximately twice a week. Apart from birth control pills taken by the mother until February 1985, neither party used any other form of contraceptive. According to the mother, the relationship ended in either February or March 1985. Her last menstrual period prior to the child's birth occurred around February 10 or 11, 1985. She discovered she was pregnant in March 1985 and the baby was born on November 27, 1985. The mother testified that she did not have sexual intercourse with any person other than respondent in the year prior to

the child's birth. An HLA blood-grouping test offered into evidence by petitioner indicated the probability of respondent being the father of the child, based on a prior probability of 0.5, as 86.6%.

For his part, respondent admitted having intimate relations with the mother as late as the middle of February 1985, but maintained that by February 20, 1985, he was no longer seeing her because he was then involved with another woman. Family Court concluded that respondent's sexual relationship with the mother ended "about February 20, 1985", and found him to be the father. Claiming that this determination is not supported by clear and convincing evidence, respondent appeals.

Paternity determinations must be supported by clear and convincing evidence *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996). On this record, that standard has not been met.

The normal human gestation period is reputed to be 266 days from the date of conception *(see, Matter of Morris v Terry K.,* 60 AD2d 728, 729), while the expected duration of a pregnancy, measured from the first day of the mother's last period prior to the birth, is between 265 and 299 days *(see, Matter of Morris v Terry K.,* 70 AD2d 1031). Although pregnancies with maturation periods longer or shorter than these norms do occasionally occur, any material deviation requires an appropriate medical explanation *(Matter of Broome County Dept. of Social Servs. v Walter Z.,* 149 AD2d 756, 758). Here, there was no such proof. The mother stated that the first day of her last menstrual period prior to the child's birth occurred February 10 or 11, 1985. The child was born 290 or 291 days later. Given that there was no medical explanation for a pregnancy duration at the high end of the generally acceptable spectrum *(see, supra),* and especially in light of the mother's testimony that the child arrived between three and four weeks early, petitioner has not sustained its burden of proving that respondent fathered the child.

Under the circumstances of this case, however, where the evidence failed to suggest access by any other individual during the fertile period, the mother indicated that she had sexual relations only with respondent during the year prior to the child's birth, an HLA blood test did not exclude respondent as the child's father and respondent admitted having had sexual relations with the mother near her last menstrual period, remittal for the purpose of having Family Court re-

ceive and factor into its decision expert medical proof is, we believe, the preferred course of action to be followed *(see, supra)*.

Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.