■ In the Matter of WILLIAM R. MOON, as Commissioner of Social Services, on Behalf of MACHELL R., Appellant, v CARL S., Respondent.—Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 11, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Machell R.

Petitioner commenced this proceeding to determine the paternity of a child born out of wedlock to Machell R. At the conclusion of a fact-finding hearing at which testimony of the child's mother, the maternal grandmother and respondent was received, Family Court dismissed the petition for failure to provide medical proof explaining the extraordinarily long duration of pregnancy. Petitioner has appealed.

Family Court found that the mother's last menstrual period started in mid-April 1989, that respondent last had intercourse with her on May 2, 1989, and that the full-term baby was born "precisely on time" on February 14, 1990, 288 days after the date of conception and 305 days after what Family Court found to be the first day of the mother's last menstrual period prior to the child's birth (assuming April 15, 1989). Petitioner provided no medical explanation for the deviation from the expected gestation period of 266 days and for the fact that her pregnancy, measured from her last menstrual period prior to the child's birth, exceeded the norm of between 265 to 299 days (see, Matter of Moon [Jean MM.] v Kenneth NN., 158 AD2d 876, 877; Matter of Broome County Dept. of Social Servs. [Dawn Y.] v Walter Z., 149 AD2d 756, 757-758).

Nevertheless, inasmuch as the mother testified that she had stopped taking birth control pills in March 1989 and that she had not had sexual intercourse with anyone other than respondent prior to the child's birth, and an HLA blood-grouping test submitted as evidence by petitioner indicated respondent's probability of paternity to be 99.22%, we believe that remittal for the purpose of having Family Court receive and factor into its decision expert medical proof is appropriate. The fact that the mother had venereal disease during her pregnancy and that respondent testified, and Family Court found, that respondent never did, while suggesting that the mother did have sexual relations with another person prior to such diagnosis, do not prove that such relations occurred during the fertile period.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this court's decision.