■ In the Matter of EVELYN REAVES, Respondent, v NATHANIEL ABDULLAH, Appellant. (Appeal No. 1.) [603 NYS2d 788] —Order unanimously affirmed without costs. Memorandum: In his answer to the paternity petition, respondent requested that Family Court review his criminal conviction and direct Auburn Correctional Facility, where he is incarcerated, to permit his participation in a visitation program. That relief was properly denied. Family Court has no jurisdiction to consider criminal matters (see, People v Rogers, 248 App Div 141, affd 272 NY 612; see also, Family Ct Act § 115) nor to entertain proceedings to compel an act by a prison official (see, CPLR 7804 [b]). (Appeal from Order of Monroe County Family Court, Miller, J.—Visitation.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.

■ In the Matter of EVELYN REAVES, Respondent, v NATHANIEL ABDULLAH, Appellant. (Appeal No. 2.) [603 NYS2d 789] —Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in sustaining the Hearing Examiner's order requiring respondent to pay child support of $25 per month. Respondent is a prison inmate, earning $5.25 per week. The Hearing Examiner erroneously found that, regardless of respondent's ability to pay, Family Court Act § 413 (1) (g) compelled the order of support (see, Matter of Rose v Haney, 188 AD2d 999). The record is inadequate to determine the appropriate level of child support. A hearing must be conducted to determine respondent's ability to pay child support. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Child Support.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.