■ In the Matter of TAIWANA Y., Appellant, v BENJAMIN Z., Respondent. [611 NYS2d 701] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Westchester County (Spitz, J.), entered September 26, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent the father of a child born to petitioner.

This proceeding was commenced by petitioner to adjudicate respondent the father of her child. At the filiation hearing, petitioner testified that on October 25, 1988 she engaged in sexual relations with respondent, thereafter becoming pregnant and giving birth to a child on August 10, 1989. She also introduced into evidence various hospital records and the results of a human leucocyte antigen (hereinafter HLA) test which reported the probability of respondent's paternity to be

99.41%. Although he was present during the hearing, respondent did not testify. In a bench decision, Family Court noted that there were notations in the hospital record indicating a gestation period of 37.6 weeks. Thus, it found that if the baby had been conceived in late October 1988, his date of birth would have been somewhere in the first week of July 1989 or, assuming a 40-week gestation period, between July 20 and 26 rather than on August 10, 1989. Because there was no medical evidence explaining the substantial deviation from the normal gestation period, Family Court dismissed the petition. Petitioner appeals.

We reverse. In our view, medical testimony was not required in this case because petitioner testified that respondent was her only sexual partner (see, Matter of Madison County Dept. of Social Servs. v Terry XX., 144 AD2d 821). Moreover, from respondent's silence, we can draw the inference that petitioner's testimony regarding the fact and date of her sexual relations with respondent is accurate (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). Additionally, two sonograms taken of petitioner in March and April 1989 indicate a conception date in October 1988. When these facts are considered, together with the HLA test results which are highly probative (see, Matter of State of Utah v Robert XX., 203 AD2d 648), there is clear and convincing evidence that respondent is the father of petitioner's child (see, Matter of Beaudoin v Steven L., 155 AD2d 728, lv denied 75 NY2d 707).

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Family Court of Westchester County for further proceedings not inconsistent with this Court's decision.