■ In the Matter of JOEL KAPLAN, as Commissioner of the Sullivan County Department of Social Services, on Behalf of SANDRA LL., Respondent, v ANDREW MM., Appellant, et al., Respondent. [629 NYS2d 499] —Casey, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 29, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent Andrew MM. as the father of a child born to Sandra LL.

A son was born to Sandra LL. (hereinafter the mother) on January 29, 1991. It was determined that the infant had a gestational age of $37^1/2$ weeks. The mother was married to respondent Michael LL. at the time of the conception and of the birth. However, the mother and Michael LL. were not cohabiting at the time of either event. Four months after the birth, petitioner, on behalf of the mother, commenced this proceeding seeking a determination that respondent Andrew MM. (hereinafter respondent) was the father of the subject infant, who was named after him. Respondent denied the paternity and a trial was held in Family Court.

At a hearing held prior to trial, Michael LL. was found not to be the father of the child. At trial, Family Court credited and accepted the dates given by the mother as to her sexual re-

lations with respondent and the date of her last menstruation before conception. Family Court also reviewed the human leucocyte antigen (hereinafter HLA) tests, which showed a 99.59% probability of respondent's paternity. Respondent did not testify and inferences based on his silence were drawn. Family Court found that the presumption of legitimacy was rebutted and made an order of filiation declaring respondent to be the father of the infant. Respondent appeals.

Although support was not specifically requested or determined, which rendered the order here not appealable as of right (*see, Matter of Jane PP. v Paul QQ.*, 64 NY2d 15, 18), we will, in the circumstances, grant respondent leave to appeal (*see, e.g., Matter of Madison County Dept. of Social Servs. [Jody WW.] v Terry XX.*, 144 AD2d 821).

Clear and convincing evidence supports the paternity determination made by Family Court. The court credited the testimony of the mother and, despite some inconsequential inconsistencies in her testimony, we see no basis to disturb Family Court's credibility determination (*see, Matter of Erin Y. v Frank Z.*, 163 AD2d 636, 637).

The probability of paternity, as demonstrated by the HLA tests, was high and while not determinative or conclusive, such tests are highly accurate and should be afforded great weight (*see, Matter of Nancy M. G. v James M.*, 148 AD2d 714, 715). Family Court properly combined these tests with other factors and did not rely exclusively upon them.

The presumption of legitimacy which attends this situation was satisfactorily rebutted. Family Court's determination of the mother's credibility concerning the lack of any relationship with her husband is entitled to great weight on review (*see, Matter of Jeanne C. v Peter W. D.*, 134 AD2d 779, 781, *lv dismissed* 71 NY2d 994). Her testimony, coupled with the other evidence relating to this issue, rebuts the presumption that this child born in wedlock is legitimate.

Respondent claims that medical evidence was required to explain the short gestational period. Although there is evidence that the gestational period was less than the normal range (*see, Matter of Case [Vicki DD.] v Robert EE.*, 167 AD2d 567), medical testimony is required only when the deviation is material (*see, Matter of Pandozy [Lisa W.] v Perry X.*, 141 AD2d 894, 896). In any event, we see no need for medical testimony in view of the lack of precision in determining the duration of the pregnancy in this case and the evidence that respondent was the only person with whom the mother had sexual intercourse (*see, Matter of Madison County Dept. of Social Servs.*

*[Jody WW.] v Terry XX.*, *supra*, at 823). Lastly, Family Court was permitted to and did draw the strongest inference against respondent when he failed to testify at the hearing (*see, Matter of Jane PP. v Paul QQ.*, 65 NY2d 994, 996). The order should be affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.