■ In the Matter of DEBORAH A. D., Respondent, v DAVID E. C., Appellant. (Appeal No. 1.) [630 NYS2d 834] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: We dismiss the appeal from the order of filiation because no appeal lies as of right from that order (see, Family Ct Act § 1112 [a]; Matter of Jane PP. v Paul QQ., 64 NY2d 15, 17). In any event, the appeal from the final order of support brings up for review the order of filiation (see, CPLR 5501 [a]; Family Ct Act § 1118).

The record supports the determination of Family Court that petitioner met her burden of proving respondent's paternity by clear and convincing evidence (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141-142). The testimony of petitioner and a witness called by petitioner, as well as the results of a blood test indicating a 99.59% probability that respondent is the child's father, provide clear and convincing evidence of respondent's paternity (see, Matter of Niagara County Dept. of Social Servs. [Kimmie W.] v Randy M., 206 AD2d 878, 878-879).

The court erred, however, in directing respondent to pay child support in the amount of $5.77 per week, the equivalent of approximately $25 per month. The record shows that, in making the support order, the Hearing Examiner stated, "I can't go any lower than that", thereby concluding that the $25 minimum support order was compelled by Family Court Act § 413 (1) (g) without regard to respondent's ability to pay. That was error (see, Matter of Rose [Clancy] v Moody, 83 NY2d 65, cert denied sub nom. Attorney General of N. Y. v Moody, — US —, 114 S Ct 1837; Matter of Reaves v Abdullah [appeal No. 2],

197 AD2d 911). The record is inadequate for us to determine the appropriate level of child support, if any, that respondent should pay. Therefore, we remit the matter to Erie County Family Court for a hearing to determine respondent's ability to pay child support (*see, Matter of Reaves v Abdullah, supra*) and the appropriate level of that support, if any. (Appeal from Order of Erie County Family Court, Considine, H.E.—Child Support.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.