In the Matter of LUCILLE ANN D., Respondent, v DAVID F. K., Appellant. (Appeal No. 1.) [632 NYS2d 909] —Order unanimously affirmed without costs. Memorandum: Petitioner met her burden of establishing paternity "by 'clear and convincing' evidence, evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" (Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141-142). The combined red cell antigen and

human leucocyte antigen (HLA) test, indicating a 99.7% probability of paternity, is entitled to great weight *(see, Matter of Stone v Ilardo,* 191 AD2d 965). Issues of credibility are best determined by the trial court *(see, Matter of Niagara County Dept. of Social Servs. [Kimmie W.] v Randy M.,* 206 AD2d 878; *Matter of Harvey-Cook [Margaret W.] v Kevin X.,* 204 AD2d 793, 794), and Family Court credited the testimony of petitioner that respondent was her exclusive sexual partner for the 11 months preceding the birth of the child *(see, Matter of Taiwana Y. v Benjamin Z.,* 204 AD2d 790; *Fitzgerald v Tamola,* 199 AD2d 122). In light of the proof that petitioner had sexual intercourse only with respondent, there was no need for medical testimony explaining the occurrence of regular menstrual periods after the apparent conception date *(see, Matter of Kaplan [Sandra LL.] v Andrew MM.,* 217 AD2d 778; *Matter of Commissioner of Social Servs. of City of N. Y. [Celia D.] v Hector S.,* 216 AD2d 81; *Matter of Taiwana Y. v Benjamin Z., supra).*

The court properly granted petitioner's objection to the order of the Hearing Examiner and awarded additional support based upon the amount of combined parental income exceeding $80,000. The court fully explained the reasons for its departure from the Hearing Examiner's order, based upon its consideration of the factors set forth in Family Court Act § 413 (1) (f), and we find no basis to disturb the award of additional child support *(see,* Family Ct Act § 413 [1] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649, 655). (Appeal from Order of Oneida County Family Court, Morgan, J.—Child Support.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.