■ In the Matter of CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KATRINA M., Respondent, v DOUGLAS K., Appellant. (Appeal No. 1.) [643 NYS2d 463] —Appeal unanimously dismissed without costs (*see,* Family Ct Act § 1112 [a]; *Matter of Department of Social Servs. [Katherine McL.] v Jay W.,* 105 AD2d 19, 28-29). (Appeal from Order of Cattaraugus County Family Court, Kelley, J.H.O.—Paternity.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.

■ In the Matter of CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KATRINA M., Respondent, v DOUGLAS K., Appellant. (Appeal No. 2.) [643 NYS2d 830] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the following Memorandum: Petitioner met its burden of establishing paternity "by 'clear and convincing' evidence, evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" (*Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142). The results of the combined red blood cell antigen, human leucocyte antigen (HLA), red blood cell serum protein and red blood cell enzyme tests, indicating a 96.39% probability of paternity, are entitled to great weight (*see, Matter of Lucille Ann D. v David F. K.,* 219 AD2d 874; *Matter of Stone [Chilinski] v Ilardo* [appeal No. 2], 191 AD2d 965). In addition, the mother testified that respondent was her only sexual partner during the period between her last menstrual period and conception (*see, Matter of Lucille Ann D. v David F. K., supra*). In light of that proof, there was no need for medical testimony fixing the date of conception (*see, Matter of Commissioner of Social Servs. [Celia D.] v Hector S.,* 216 AD2d 81). Further, because respondent chose not to testify, the trier of fact was entitled "to draw the strongest inference against him that the opposing evidence in the record permits" (*Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., supra,* at 141; *accord, Matter of Stone [Chilinski] v Ilardo, supra*).

Family Court erred, however, in denying the objection to that part of the order of the Hearing Examiner directing re-

spondent to pay child support of $25 per month. We sustain that objection and vacate that part of the order of the Hearing Examiner. The only proof concerning the ability of respondent to pay support is his testimony that he was unemployed and receiving assistance, in an unspecified amount, from his family. The record is inadequate for us to determine the appropriate level of child support, if any, that respondent should pay. Therefore, we remit the matter to Cattaraugus County Family Court for a hearing to determine respondent's ability to pay child support and the appropriate level of that support, if any (*see, Matter of Deborah A. D. v David E. C.*, 217 AD2d 1005; *Matter of Reaves v Abdullah* [appeal No. 2], 197 AD2d 911). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Child Support.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.