In the Matter of MARTIN G.D., Appellant, v LUCILLE A.F., Respondent. [827 NYS2d 797]—

Appeal from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered August 11, 2005 in a proceeding pursuant to Family Court Act article 5. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to Family Court, Erie County, for compliance with Family Court Act § 516-a (b).

Memorandum: Petitioner commenced this proceeding seeking to vacate the acknowledgment of paternity executed by the parties on the ground that the results of DNA testing conducted before the petition was filed exclude petitioner as the child's father. Family Court erred in dismissing the petition on the

ground of equitable estoppel. The doctrine of equitable estoppel may be applied to prevent a party from challenging an acknowledgment of paternity only where the application of the doctrine will further the best interests of the child (*see Matter of Cleophous P. v Latrice M.R.*, 299 AD2d 936 [2002]; *Matter of Charles v Charles*, 296 AD2d 547, 549 [2002]; *Matter of Darcie T. v Robert M.L.*, 255 AD2d 955 [1998]). Respondent, the Law Guardian and the child's custodians supported the petition, and the expert psychologist called as a witness by the Law Guardian testified that the paternal relationship had been "demolished" and that further contact with petitioner would be damaging to the child. "Under all of the circumstances, including the undisputed proof that petitioner is not the child's biological father, we conclude that the application of the doctrine of equitable estoppel to prevent petitioner from rescinding his acknowledgment of paternity will not further the child's best interests" (*Cleophous P.*, 299 AD2d at 936). We further conclude that the court erred in dismissing the petition on the alternative ground of collateral estoppel (*see Rienzi v Rienzi*, 23 AD3d 450 [2005]). Present—Martoche, J.P., Smith, Centra and Green, JJ.