■ In the Matter of BRUCE W.L., Appellant, v CAROL A.P., Respondent. [848 NYS2d 493]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 26, 2006. The order granted respondent's motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order granting respondent mother's motion to dismiss his petition seeking to vacate those portions of the judgment of divorce naming him as the father of a specified child, awarding him joint custody of that child, and naming him as her primary custodial parent. The child was born in 1992 and, following the parties' divorce in 1998, the child resided continuously with the father. In May 2006, however, the father received information that gave him reason to believe that he was not the child's biological father, and a DNA test confirmed the accuracy of that information. The father then informed the child that he was not her biological father, whereupon she moved out of his home and into the mother's home. The mother sought modification of the judgment of divorce to permit the child to reside with her, and the father in turn filed the petition that is at issue on this appeal. At the hearing on his petition, the father testified that the child had resided with him for her entire life and that, at all times,

he had treated the child as his own. He further testified that, until May 2006, he never had reason to suspect that she was not his biological child. The father admitted that he did not want to pay child support for the child and that he wanted to be relieved of all financial obligations with respect to her. Contrary to the contention of the father, Family Court properly determined that he is estopped from denying paternity based upon the best interests of the child and dismissed the petition. "New York courts have long applied the doctrine of estoppel in paternity and support proceedings" to further the best interests of the child (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *see Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]). Here, as in *Shondel J.*, the father "represented that he was the father of the child, and she justifiably relied on [that] representation, changing her position by forming a bond with him, to her ultimate detriment" (7 NY3d at 328). Moreover, the father failed to present any expert testimony indicating that the paternal relationship had been demolished and that further contact with the father would be damaging to the child (*cf. Matter of Martin G.D. v Lucille A.F.*, 35 AD3d 1280 [2006]). Thus, the court properly concluded that it was in the best interests of the child to maintain a relationship with the father. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.