■ In the Matter of JAMES T. H., Appellant, v DANIELLE M. K-R., Respondent. [850 NYS2d 919]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Nassau County (Grella, J.), dated February 14, 2007, which denied his objections to an order of the same court (Dwyer, S.M.), dated November 29, 2006, summarily dismissing the petition for lack of standing.

Ordered that the order dated February 14, 2007 is reversed, on the law, without costs and disbursements, the petitioner's objections to the order of the Support Magistrate are sustained, the order dated November 29, 2006 is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.

Contrary to the Family Court's determination, a prior acknowledgment of paternity made in accordance with Family Court Act § 516-a does not serve as an insuperable bar to a claim of paternity by one who is a stranger to the acknowledgment (*see Matter of Tyrone G. v Fifi N.*, 189 AD2d 8, 14 [1993]), particularly where, as here, the male signatory of the acknowledgment dies prior to the commencement of the paternity proceeding (*cf.* Family Ct Act § 516-a [b] [ii] [where signatory of acknowledgment dies, a proceeding to challenge the acknowledgment may still be commenced "by any of the persons authorized by (Family Ct Act art 5) to commence a paternity proceeding"] [added L 2007, ch 462, § 1, eff Oct. 30, 2007]).

Thus, it was error for the Family Court to dismiss the petition summarily for lack of standing. Accordingly, we reinstate the petition and remit the matter to the Family Court, Nassau County, for a hearing. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.