■ In the Matter of JOSE M., Appellant, v SHANIQUA F., Respondent. [2 NYS3d 201]—

Appeal from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 21, 2012. The order, after a hearing, denied the appellant's application for a paternity test and dismissed his petition to establish paternity.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner filed a petition pursuant to Family Court Act article 5 seeking to be declared the father of the subject child and made an application for a paternity test. The respondent, the child's mother (hereinafter the mother), did not consent to a paternity test. At a hearing, the petitioner testified that he last had sexual intercourse with the mother on February 14, 2011, and that the child was born 303 days later on December 14, 2011. The petitioner testified that the mother initially told him that he was not the father, but later informed him that the child was his. When questioned about whether he provided any assistance to the mother, the petitioner testified that he gave her $1,000 to purchase baby supplies such as a car seat, a crib, and a stroller in advance of the child's birth.

At the hearing, the petitioner's counsel argued that it was possible for the petitioner to be the child's father based on the last date the parties had sexual intercourse, and that the Family Court should direct a DNA or genetic marker test. The mother, who was allowed to participate at the hearing telephonically, did not testify or present any witnesses to testify on her behalf. The Family Court noted the existence of an acknowledgment of

paternity form, dated December 16, 2011, which was signed by the mother and another man, John M., and named John M. as the child's father. John M. did not testify at the hearing, and no evidence was presented that he had a relationship with the child or was providing financial support to the child. Based upon the acknowledgment of paternity form and its conclusion that the gestational period alleged by the petitioner was not medically possible, the Family Court denied the petitioner's application for a paternity test and dismissed the petition. We reverse.

Appellate courts have held that the generally accepted period of gestation is between 38 and 40 weeks: 266 days in *Matter of Commissioner of Social Servs. v Philip De G.* (97 AD2d 760 [1983]), and 280 days in *Matter of Kathy "R" v Steven "S"* (47 AD2d 680 [1975]). However, pregnancy periods can exceed that time frame (*see e.g. Matter of Moon v Carl S.*, 185 AD2d 422, 423 [1992]). Indeed, in 1992, the Appellate Division, Third Department, held that a period of gestation measured from the last menstrual period prior to the child's birth can be between 265 and 299 days (*see id.*). In the beginning of the last century, this Court, citing Code Napoleon, found that the period between sexual intercourse and birth could be up to 300 days (*see Commissioner of Pub. Charities of City of N.Y. v Leary*, 144 App Div 283 [1911]; *Mayer v Davis*, 119 App Div 96 [1907], *revd on other grounds* 122 App Div 393 [1907]). Here, the petitioner alleges that 303 days, or 43 weeks and two days, elapsed between the last date of sexual intercourse with the mother and the birth of the child.

Any material deviation from the generally accepted average period of gestation must be explained with a reliable medical opinion (*see Matter of Moon v Kenneth NN.*, 158 AD2d 876, 877 [1990], citing *Matter of Broome County Dept. of Social Servs. v Walter Z.*, 149 AD2d 756, 758 [1989]; *Matter of Pandozy v Perry X.*, 141 AD2d 894, 896 [1988]). Although no such evidence was presented at the hearing, under the circumstances of this case, a new hearing should be conducted to afford the petitioner an opportunity to present such evidence. Since the petitioner has the burden of proof, he must present reliable medical evidence to demonstrate that the 303-day gestational period alleged here is scientifically possible.

A prior acknowledgment of paternity made in accordance with Family Court Act § 516-a does not serve as an insuperable bar to a claim of paternity by one who is a stranger to the acknowledgment (*see Matter of Thomas T. [Luba R.]*, 121 AD3d 800 [2014]; *Matter of Dwayne J.B. v Santos H.*, 89 AD3d 838

[2011]; *Matter of James T. H. v Danielle M. K-R.*, 48 AD3d 683 [2008]; *Matter of Tyrone G. v Fifi N.*, 189 AD2d 8 [1993]; *cf.* Family Ct Act § 522; *Matter of Cathleen P. v Gary P.*, 63 NY2d 805 [1984]; *Matter of Costello v Timothy R.*, 109 AD2d 933 [1985]). Here, the petitioner, who had immediately claimed to be the father of the subject child, was a stranger to the acknowledgment of paternity signed by the mother and John M. Generally, where an acknowledgment of paternity exists, the Family Court shall determine whether the ordering of a DNA or genetic marker test is in the child's best interest (*see* Family Ct Act §§ 532 [a]; 516-a [b]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]; *Matter of Tracy C.O. v Douglas A.F.*, 66 AD3d 1390 [2009]; *Matter of Greg S. v Keri C.*, 38 AD3d 905 [2007]; *Matter of Eugene F.G. v Darla D.*, 261 AD2d 958 [1999]; *Terrence M. v Gale C.*, 193 AD2d 437 [1993]; *Michaella M. M. v Abdel Monem El G.*, 98 AD2d 464 [1984]). Therefore, upon remittal, if the petitioner satisfies his burden of demonstrating at the hearing, with reliable medical evidence, that a 303-day gestational period is scientifically possible, then the Family Court must determine whether to direct a DNA or genetic marker test in the child's best interest.

Accordingly, we reverse the order dismissing the petition, reinstate the petition, and remit the matter to the Family Court, Suffolk County, for further proceedings on the petition as set forth herein. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.