# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**82**

**CAF 14-00650**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF EDWARD R. FROST, JR.,
PETITIONER-APPELLANT,

           V                             MEMORANDUM AND ORDER

SCOTT WISNIEWSKI, RESPONDENT-RESPONDENT.

---

DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR
PETITIONER-APPELLANT.

ROSEMARIE RICHARDS, ATTORNEY FOR THE CHILD, SOUTH NEW BERLIN.

---------------------------------------------------------------------------------

    Appeal from an order of the Family Court, Oswego County (Kimberly
M. Seager, J.), entered September 19, 2013.  The order dismissed the
cross petition.

    It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the cross petition is
reinstated, and the matter is remitted to Family Court, Oswego County,
for a hearing in accordance with the following memorandum:  Petitioner
appeals from an order dismissing his cross petition seeking a
determination that he is the biological father of the subject child.
Respondent signed an acknowledgment of paternity with respect to the
child when the child was born in 2000.  DNA testing, however, later
established that petitioner was in fact the child's biological father.
In 2011, petitioner filed a custody petition and, by default order,
Family Court, inter alia, awarded petitioner custody of the child.
Respondent subsequently filed a petition pursuant to Family Court Act
article 6 seeking a modification of that order to permit visitation of
the child with respondent and the half brother of the child, and
petitioner filed a cross petition seeking an order vacating
respondent's acknowledgment of paternity, determining that petitioner
is the child's biological father, and directing that an amended birth
certificate be filed (*see generally* Family Ct Act § 516-a).  The court
dismissed the cross petition with prejudice on the ground of res
judicata.  The record before us does not indicate the court's
disposition of the petition.

    Petitioner contends that the best interests of the child, "the
need for finality, stability, and consistency in family
determinations," and respondent's nonopposition to the cross petition
militate against the result reached by the court.  We agree and
conclude that the court erred in applying the doctrine of res judicata
to petitioner's claims in the cross petition (*see Matter of Cleophous*

*P. v Latrice M.R.*, 299 AD2d 936, 936). In matters concerning filiation, " 'it is the child's best interests which are of paramount concern' " (*Matter of Darcie T. v Robert M.L.*, 255 AD2d 955, 955; *see generally Matter of Martin G.D. v Lucille A.F.*, 35 AD3d 1280, 1281). Under the circumstances of this case, we conclude that it is in the child's best interests to permit petitioner to be heard on his claims in the cross petition. We note that petitioner has been the child's legal, full-time caregiver and provider since October 2011, and that respondent also recognizes petitioner as the child's biological father (*see generally Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71; *Cleophous P.*, 299 AD2d at 936). We therefore reverse the order, reinstate the cross petition, and remit the matter to Family Court for a hearing on the cross petition before a different judge (*see Matter of James T.H. v Danielle M. K-R.*, 48 AD3d 683, 683-684).

Entered: March 20, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court